SCRANTOM, executor &c. *vs.* THE FARMERS AND MECHANICS' BANK OF ROCHESTER.

33b 527
44ap494

An executor, who is indebted to the estate of his testator, may lawfully set apart and apply any money belonging to himself to the payment of the debt. And if he deposits money of his own, in a bank, to the credit of himself as executor, for the purpose of paying such a debt in part, it amounts to a payment *pro tanto*, and the money belongs to the estate, and cannot be seized by his individual creditors.

Although the common law rule that all executors must join in an action — as well those who prove the will as those who renounce — has been changed by statute, so far as to except those to whom letters testamentary shall not have been issued and who have not qualified, an executor who has proved the will and to whom letters have been issued jointly with another, is a necessary party to a suit brought by the latter.

Since the code, the objection that another person should have joined in the suit as being co-executor with the plaintiff, if it does not appear on the face of the complaint, so that the question can be raised by demurrer, can only be raised by answer; and if not so raised, it will be deemed waived.

Where, in the complaint, the cause of action is stated as an indebtedness due to the plaintiff *as executor*, and that the money was had and received by the defendant for the use of the plaintiff *as such executor*, this is sufficient to show that the plaintiff sues in his representative character.

APPEAL from a judgment entered upon the report of a referee. The plaintiff in his complaint described himself as "Henry Scrantom as executor of the last will and testament of Thomas M. Watson, deceased." The complaint alleged the due incorporation of the defendant as a coporation,

under the general banking law, and alleged that on the 22d of May, 1858, at Rochester, the defendants "were justly indebted to the plaintiff as such executor as aforesaid in the sum of $72.37, being the balance due to the plaintiff as such executor aforesaid for moneys by the defendants before that time had and received to and for the use of the plaintiff as such executor, and being also for the balance of moneys before that time placed on deposit by the plaintiff as such executor, with the defendants as such banking association, and received on deposit by the defendants to and for the use of the plaintiff as such executor, and that being so indebted the defendants, in consideration thereof, to wit, on the day and year and at the place last aforesaid undertook, and then and there faithfully promised the plaintiff as such executor as aforesaid, to pay him the last mentioned sum of money, being the balance as aforesaid, when they, the said defendants, should be thereunto afterwards requested." A breach was then alleged, and the demand of judgment was as follows : " Wherefore, the plaintiff as such executor demands judgment against the defendants for the sum of $72.37, together with the interest thereon from the 4th day of August, 1858, besides the costs and disbursements of this action." On the 4th day of August, 1858, the plaintiff had in the bank of the defendant $72.37, which on that day was paid by the defendant to George W. Rawson, who had been appointed receiver of said plaintiff, in proceedings supplementary to execution. The plaintiff sued to recover this money, and sought to maintain his action, by showing that in May, 1842, he and one Johnson I. Robbins were appointed the executors of Thomas M. Watson ; that he was indebted to that estate in about $1000 ; that in April, 1858, he settled a loss which he had sustained by the destruction of some of his individual property, upon which he held a policy of insurance, which he had, as he says, assigned to himself as executor, but not delivered to any one, and received a draft, payable to him individually, and deposited it with the defendant, directing the

account to be made with him "as executor;" and the bank accordingly opened an account with him as executor.

The defendant, in its answer, alleged the recovery of a judgment by Loder & Bailey against the plaintiff, Scrantom, in the supreme court; the issuing of an execution thereon, and the return thereof unsatisfied; the institution of supplementary proceedings thereon, under which one Rawson was appointed receiver; a demand of the deposit, made by the receiver, and the payment of the same to him by the bank; and that the money so paid was the same money mentioned and set forth in the complaint, and no other or different; and the defendant alleged that said sum of money so paid to the receiver was in fact the individual money of the plaintiff, and did not belong to him in his capacity as executor. The referee found the following facts, viz: That prior to the 30th day of May, 1842, Thomas M. Watson had by his last will and testament appointed the plaintiff and Johnson I. Robbins his executors, which will was proved before the surrogate of the proper county on that day; that the plaintiff received funds from the estate, and became indebted thereto in an amount much larger than the amount claimed in this action; that he was so indebted at the time of making the deposit with the defendant; that the plaintiff, on or about the 29th day of April, 1858, deposited with the defendant, for collection, a draft made by Henry A. Brewster, as for a loss which had previously happened upon a policy of insurance owned by the plaintiff in his individual capacity, which draft was made payable to the plaintiff as executor; that the defendant, on or about the 4th day of May, 1858, credited the avails of that draft, less the sum of eighty-eight cents deducted for collection, to the credit of Henry Scrantom, executor; that the said Scrantom was individually indebted to the estate at the time of the making of such credit, and still is largely indebted to such estate; that the balance due him upon such deposit as such executor was, on the 4th day of August, 1858, $72.37; that payment of this deposit

was demanded by the plaintiff as early as the 4th day of August, 1858, and that the interest thereon, from the day last named to the date of the report, was $3.10—making in the whole the sum of $75.47. His conclusions of law were, that the money so deposited was received by the defendant in trust for Henry Scrantom, as an executor of the estate of Thomas M. Watson, deceased; and that the plaintiff in that capacity was entitled to recover against the defendant in this action the sum of $75.47, together with costs. From the judgment entered on this report the defendant appealed.

*M. S. Newton,* for the plaintiff.

*W. F. Cogswell,* for the defendant.

*By the Court,* E. DARWIN SMITH, J.    No substantial error was, I think, committed by the referee on the trial and decision of this cause.    The deposit of the $357.73 to the credit of the plaintiff as executor, in the defendants' bank, was at least an equitable if not a legal appropriation of that sum to the credit of the trust estate.    It belonged, after that time, to the estate of Watson, and if Scrantom had drawn it out and diverted it to his own use it would have been a misappropriation of the money, for which he would be bound to account upon the basis of a wrongful conversion of the property, and for which his bail would have been liable.    The case shows that he was in debt to the estate of Watson, and certainly he could lawfully set apart and apply any money belonging to himself to the payment of said debt.    The deposit to his credit as executor was such a payment.    It was a preference given to such creditor.    The money was deposited in the defendants' bank on account of the trust estate, and belonged as much to such estate, after the deposit, as though the plaintiff had not been one of the executors.    It is true the plaintiff might draw it out upon his check, and so he might use and appropriate any other of the trust funds

which came to his hands, but such funds would none the less belong to the estate of the deceased, and would not for that reason be liable to be seized by the private creditors of Scrantom.

The objection that Robbins, the co-executor, should have been joined in the action cannot now be raised. It is true that co-executors must all join in suits instituted for the recovery of debts due to the estate. (*Bodle* v. *Hulse*, 5 *Wend.* 313.) The common law rule that all executors must join, as well those who prove the will as those who renounce, has been repudiated in this state by statute. The legislature has declared that in actions brought by executors, it shall not be necessary to join those as parties to whom letters testamentary shall not have been issued and who have not qualified. (*Sess. Laws of* 1838, *ch.* 149, *p.* 103.) Robbins, however, had proved the will, and the letters testamentary were issued to him and Scrantom jointly. He was therefore a necessary party to the suit; and if the objection had been taken in due form and at the proper time, it could not have been avoided. This objection, before the code, could only be made by plea in abatement after oyer of the letters of probate or letters of administration. (*Cabell* v. *Ranyham*, 1 *Sand.* 291, *note h. Sand. Plead. and Ev.* 14. 2 *Bing.* 177. 1 *Chit. Plead.* 20. *Packer* v. *Willson*, 15 *Wend.* 343.) Under the code such an objection, if it do not appear on the face of the complaint, so that the question can be raised by demurrer, can only be raised by answer, (*Code*, §§ 144, 147 ;) and if not so raised is to be deemed waived. (§ 148. *Fosgate* v. *Herkimer Manufacturing Company*, 2 *Kernan*, 580.)

The objection that this is not a suit by the plaintiff *as executor*, but the mere private suit of Scrantom, is not well taken. Such would have been the case, notwithstanding the plaintiff in the summons and complaint describes himself as executor, if the cause of action as set out was personal to him in his own right. (2 *Selden*, 168. 2 *Barb.* 368. 11 *How. Pr. Rep.* 12.) In those cases the cause of action was

not set out as due or accruing to the plaintiff *as executor*, but in this case the cause of action is stated as an indebtedness due to the plaintiff *as executor*, and that the money was had and received by the defendant for the use of the plaintiff *as such executor*. Throughout the complaint the cause of action is stated as accruing to the plaintiff *as executor*, and this will do. (2 *Barb.* 372.   6 *East*, 405.   1 *Chit. Pl.* 23.) I see no ground in this case upon which we can reverse this judgment, and think it should be affirmed.

Judgment affirmed.

[MONROE GENERAL TERM, September 3, 1860. *Smith, Johnson* and *Knox*, Justices.]