## SIMPSON et al. v. SIMPSON.

(Supreme Court, Appellate Division, Second Department.  November 21, 1899.)

1. PARTNERSHIP—ACTION FOR ACCOUNTING—JURISDICTION.

A court of equity will take jurisdiction of an action for an accounting and distribution of partnership assets, brought by decedent's executor against a surviving partner individually and as plaintiff's co-executor, where the complaint asks that the management of the partnership be taken from him, that the business be liquidated under the order of the court, and he enjoined from interfering with assets.

2. SAME—PARTIES.

Where an executor is also a surviving partner of the deceased, it is proper to make him a defendant, both individually and as executor, in an action against him for accounting and distribution of partnership assets, brought by his co-executor.

3. SAME—PLEADING.

A complaint in an action for an accounting against a surviving partner individually and as plaintiff's co-executor, which alleges that he is appropriating the capital and good will of the partnership business to his own private use, states a good cause of action.

Appeal from special term, Kings county.

Action by James S. Simpson and another, as executors of Robert Simpson, deceased, against Thomas Simpson, Jr., individually and as executor of said deceased.  Defendant appeals from a judgment overruling his demurrer to the complaint.  Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Edmund Luis Mooney (Dwight S. Herrick, on the brief), for appellant.

Albert G. McDonald, for respondent.

CULLEN, J.  Thomas Simpson, Jr., and Robert Simpson were partners.  Robert Simpson died, leaving the plaintiffs and the defendant executors of and trustees under his will.  The complaint alleges the partnership; that a certain lease assigned by the deceased to the defendant was in reality partnership property; that since the death of plaintiffs' testator the defendant has claimed to hold the lease as his private property; has carried on the business formerly of the partnership on his own private account, and for his private benefit, and has appropriated, and continues to appropriate, the whole or some portion of the capital and the good will of the partnership business to his own private use and benefit.  It is further alleged that the defendant has not accounted for the affairs of the partnership.  Judgment is demanded that the defendant account, that the lease be declared partnership property, that a receiver be appointed, and the defendant enjoined from the possession or use of the partnership assets.  To this complaint the defendant demurred. The only grounds of demurrer to which it is necessary now to refer are that the complaint does not state a cause of action either against the defendant individually or as executor of the deceased co-partner, that the court has not jurisdiction of the subject of the action, and that there has been a misjoinder of separate causes of action, to wit,

one against the defendant individually and one against him as executor and trustee. From an interlocutory judgment overruling the demurrer this appeal is taken.

The first proposition argued by the learned counsel for the appellant is that this court should not assume jurisdiction of the controversy, but that the plaintiffs should be remitted to the surrogate's court. While a court of equity has jurisdiction over the administration of estates, it is doubtless true that ordinarily the parties will be left to seek redress in the surrogate's court, which is especially provided for the control and management of estates, and that this court will take cognizance of controversies relating to such administrations only where "special circumstances are shown which make it necessary to bring into action the power of the court to supplement the powers in regard to which the surrogate's court is defective, or because, for some other reason, full and complete justice cannot be done in that court." Borrowe v. Corbin, 31 App. Div. 172, 52 N. Y. Supp. 741, and cases there cited. It may also be conceded that, under section 2731 of the Code of Civil Procedure, on the judicial settlement of the accounts of the executors the defendant could be compelled to account for the interest of the deceased in the partnership property. But the complaint in this action seeks further relief. It asks that the management of the partnership be taken from the defendant, and that the business be liquidated under the order and decree of the court, and the defendant be enjoined from interfering with the partnership assets. We know of no power in the surrogate's court to give such relief. It cannot be questioned that in a proper case, and for sufficient cause, a court of equity may take the assets and their administration from a surviving partner. Therefore, if this action is well brought at all, it is properly brought in this court, which alone can grant full relief.

The second proposition contended for by the appellant is that no cause of action is stated against the defendant as executor and trustee. The real claim in this respect is that he is an unnecessary party to the action, and this claim is based on section 1817 of the Code; that two or more executors are all considered as one person, and that those who are first served must appear and answer for all. This section is but a re-enactment of similar provisions in the Revised Statutes. It does not change the rule that in an action for or against executors all the qualified and acting executors must be made parties. Bodle v. Hulse, 5 Wend. 313; Scrantom v. Bank, 33 Barb. 527. The defendant could not be joined as a plaintiff, even though as executor only, for a man cannot well sue himself. He was, therefore, properly made defendant in that capacity. The case of McGregor v. McGregor, 35 N. Y. 218, in principle, is quite similar to the one at bar. There the action was brought by one executor to foreclose a mortgage executed by his co-executor, the testator, which the latter refused to pay. The defendant objected by demurrer that there was a defect of parties, in that he was not joined as executor, either as plaintiff or defendant. The objection was overruled, but not on the ground that it would have been improper to join the defendant in his representative capacity; far from it. It

was held, as the fact was stated in the complaint that the defendant was an executor of the deceased, he was before the court in his character as executor to the same extent as if he had been named as such in the title of the action.

The third objection raised is that the complaint does not state facts sufficient to state a cause of action against the defendant either individually or as executor. While the legal title to partnership assets vests in the surviving partner, in equity he is treated as a trustee for himself and for the estate of the deceased partner. "The position is somewhat anomalous,—not exactly and wholly a trustee, and yet not a full owner of the assets which he takes or retains possession of by reason of survivorship. The duties spoken of he owes the estate of the deceased partner, and when, instead of gathering in the assets, paying the debts, winding up the business, and distributing the surplus, he misappropriates the same, and converts them to his own use and that of others with him, he so far guilty of a breach of trust that a court of equity will, when called upon, intervene, and give appropriate relief." Russell v. McCall, 141 N. Y. 437, 36 N. E. 498. The principle enunciated in the case cited is too well settled to justify discussion, and the learned counsel for the appellant concedes that for sufficient reason the management and administration of the partnership property may be taken from the surviving partner. His contention is, however, that sufficient cause is not set forth in the complaint. He asserts that, as a year had not elapsed between the decease of the partner and the institution of this action, the defendant cannot be justly held in default for having failed to wind up the business and account for its proceeds within that brief period. He further contends that it is not every appropriation of the partnership assets or the partnership capital to his own use that would justify the court in depriving a surviving partner of his legal rights. To all this we assent, but the difficulty with the appellant's position, in our minds, is this: The questions which he discusses do not arise on the pleadings, but can be presented fairly only at the trial after the production of the evidence. The complaint alleges that the defendant is appropriating the capital and the good will of the partnership business to his own private use. This is sufficient ground for taking the firm estate from the hands of the surviving partner, provided the misappropriation is substantial, or evidences an intent to do wrong. We do not see how the character, extent, and sufficiency of the misconduct can be determined on a pleading; but that question must be left to the trial, to be determined on the facts of the particular case. In our judgment, the allegations of the complaint in this respect are sufficient as a matter of pleading.

The interlocutory judgment should be affirmed, with costs, with leave to the defendant to answer over on the payment of costs of the demurrer and of this appeal. All concur.