Except that the present relator is not insolvent, the foregoing expression of opinion seems to me to apply with great force to the valuation of an important part of relator's system, and as to that part, at least, the cost of production rule seems to me to have been inapplicable. If I am right in the view that the special franchise attached to the unfinished downtown line has not yet acquired a taxable value, it follows that the assessment made by the respondents was erroneous, excessive, and arrived at upon a wrong theory. The erroneous assessment of so large a proportion of the tangible property vitiates necessarily the entire assessment. The record does not contain sufficient data to enable us to determine either the theory upon which a new assessment should proceed, or the amount of such assessment.

The matter should therefore be remitted to the Special Term, to revalue and reassess the special franchise.

INGRAHAM, P. J., concurs.

---

(70 Misc. Rep. 576.)

### In re GEORGE RINGLER & CO.

(Supreme Court, Special Term, New York County. January 31, 1911.)

1. REFERENCE (§ 31*)—ORDER—VACATION—NOTICE—TIME.

Where substituted service had to be made upon a necessary party, and there was only a short time before the return of an order before a referee, who had been appointed in a proceeding for the voluntary dissolution of a corporation, it was proper, upon motion to vacate the appointment of the referee, for the order to show cause to be returnable in less than five days, the usual notice.

[Ed. Note.—For other cases, see Reference, Dec. Dig. § 31.*]

2. MOTIONS (§ 16*)—NOTICE—REQUISITES.

General Rules of Practice, rule 37, providing that a motion to vacate an order for irregularities must specify them, is not applicable to a motion to vacate an order on objections upon the merits and to the jurisdiction.

[Ed. Note.—For other cases, see Motions, Dec. Dig. § 16.*]

3. EXECUTORS AND ADMINISTRATORS (§ 124*)—COEXECUTORS—POWERS.

One executor has no power to sign the name of his coexecutor by virtue of his office, and the coexecutor cannot delegate that power to him.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 124.*]

4. EXECUTORS AND ADMINISTRATORS (§ 438*)—ACTIONS—PARTIES.

In an action by one against several executors, all must be parties.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1770, 1771; Dec. Dig. § 438.*]

5. EXECUTORS AND ADMINISTRATORS (§ 438*)—ACTIONS—PARTIES—STATUTES.

Code Civ. Proc. § 1817, providing that in an action against coexecutors all are considered as one, and those first served with process or appearing must answer the plaintiff, separate answers not being permissible, save in the discretion of the court, and that judgment and execution may be against all, even though all did not appear, does not change the rule that in an action for or against executors all must be parties.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1770, 1771; Dec. Dig. § 438.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. EXECUTORS AND ADMINISTRATORS (§ 124*) — COEXECUTORS — ENTITY — ONE
ACTING FOR ALL.

Although coexecutors constitute a single entity, and in law are regarded as one person, the right of one to act for all is confined to acts of a ministerial nature; all having to concur in acts involving judgment.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 496–507; Dec. Dig. § 124.*]

7. EXECUTORS AND ADMINISTRATORS (§ 124*)—COEXECUTORS—ACT OF MINISTERIAL NATURE.

An application for the dissolution of a corporation, in which the bulk of a testator's estate was invested, is not a mere ministerial act, which one executor can perform without the concurrence of the others.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 496–507; Dec. Dig. § 124.*]

8. EXECUTORS AND ADMINISTRATORS (§ 438*)—COEXECUTORS—ACTIONS—PARTIES.

In a proceeding for the voluntary dissolution of a corporation, the petition was signed by one of two coexecutors of an estate owning the stock, and he also assumed to sign his coexecutor's name as agent. Held, that since all the executors are necessary parties to legal proceedings, and one executor cannot act for another in matters calling for the exercise of judgment, and as the application for the dissolution of a corporation was a matter calling for the exercise of judgment, the petition showed a defect of parties, and· hence the appointment of a referee on such an application should be vacated.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1770, 1771; Dec. Dig. § 438.*]

9. EXECUTORS AND ADMINISTRATORS (§ 124*)—COEXECUTORS—POWERS.

Held, also, that, even if both executors be considered as parties, the petition, under General Corporation Law (Consol. Laws, c. 23) § 175, requiring that every such petition be verified by an affidavit of each petitioner, was insufficient, when only verified by the affidavit of the executor who in person signed the petition.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 124.*]

10. CORPORATIONS (§ 610*)—DISSOLUTION—STATUTES—COMPLIANCE.

Where it was sought to voluntarily dissolve a corporation, under the provisions of the general corporation law (Consol. Laws, c. 23), the proceeding being statutory, a strict compliance is necessary.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2424; Dec. Dig. § 610.*]

11. CORPORATIONS (§ 610*)—DISSOLUTION—VOLUNTARY DISSOLUTION—MOTION TO VACATE APPOINTMENT OF REFEREE.

On motion to vacate the appointment of a referee in a proceeding for the voluntary dissolution of a corporation, the question whether a transfer of stock was wrongful will not be determined.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 610.*]

12. CORPORATIONS (§ 592*)—DISSOLUTION—VOLUNTARY DISSOLUTION—BENEFIT OF STOCKHOLDERS.

Where a corporation was divided into two antagonistic parties, each having one-half of the stock, and it was solvent and making large profits, the fact that the directors were not friendly to one party, and would hold over because no new board could be elected, was no ground for a dissolution, as it would not be beneficial to the stockholders.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 592.*]

Proceeding by George Ehret, Jr., and George F. Trommer, as executors of the estate of William G. Ringler, deceased, for a voluntary dissolution of George Ringler & Co., a corporation. On motion to vacate the appointment of a referee. Sustained.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Katz & Sommerich (David Leventritt, of counsel), for petitioner.
Bowers & Sands, for George Ringler & Co. and others.
Edward R. O'Malley, Atty. Gen.

PAGE, J.　This is a motion to vacate an order appointing a referee in a proceeding for voluntary dissolution of a corporation pursuant to section 170 et seq. of the general corporation law (Consol. Laws, c. 23). The attorneys for the petitioner raised two preliminary objections:

First. That there was no reason given for the granting of the order to show cause returnable in less than five days, instead of giving the usual notice of motion. In this he is mistaken, as provision had to be made for substituted service on Geo. Ehret, Jr., and the short interval of time remaining before the return of the order before the referee were each sufficient reasons for the granting of the order to show cause.

Second. That the grounds for the motion to vacate were not set forth in the order to show cause. Rule 37 requires that, where a motion is made to vacate an order because of irregularities, such irregularities must be specified. In this case the objection is jurisdictional and upon the merits, which is not required to be set forth in the order to show cause. Agnew v. Latham, 54 Misc. Rep. 61, 105 N. Y. Supp. 366; Andrews v. Schofield, 27 App. Div. 90, 50 N. Y. Supp. 132.

This proceeding was commenced by the petition of Geo. Ehret, Jr., and Geo. F. Trommer, as executors of the last will and testament of William G. Ringler, deceased. The petition is signed: "George Ehret, Jr., by George F. Trommer, George F. Trommer, as Executors of the Last Will and Testament of William G. Ringler, Deceased." By what right Trommer assumes to sign the name of Ehret is not stated. This shows, however, that the necessity of having Ehret as coexecutor with Trommer a petitioner to the proceeding was recognized. The statute provides that:

"An affidavit made by each petitioner to the effect that the matters of fact stated in the petition and schedules are just and true, so far as the affiant knows or has means of knowing the same, must be annexed to the petition and schedule." Section 175.

In this matter the affidavit of Trommer alone is annexed to the petition and schedules. The attorney for the petitioner seeks to justify this by claiming that these coexecutors "constitute an entity and are regarded in law as an individual person," and that the acts of one are deemed to be the acts of all. If this be sound in regard to the affidavit required, then it would be also correct as to the signing of the petition. The petitioner's attorney must hold that one executor could institute the proceeding, and hence his affidavit attached to the petition is the only affidavit required, or, if he concedes that each executor must sign the petition, then it follows that each executor must sign the affidavit.

The petition is signed only by Trommer as executor. One executor has no power to sign the name of his coexecutor by virtue of his office, nor could Ehret give him that right by power of attorney or otherwise. This proceeding is instituted by one of two coexecutors.

It is well settled that, in an action or proceeding by one against several executors, all must be parties. Bodle v. Hulse, 5 Wend. 313; Scranton v. Farmers' & Mechanics' Bank, 33 Barb. 527. The petitioner's attorney seeks to reason from section 1817 of the Code of Civil Procedure that this requirement has been obviated. But it has been expressly held that this section "does not change the rule that, in an action for or against executors, all the qualified and acting executors must be made parties." Simpson v. Simpson, 44 App. Div. 492, 494, 60 N. Y. Supp. 879, 880. It is true that:

"Coexecutors, however numerous, constitute an entity, and are regarded in law as one person, and consequently the acts of any of them in respect to the administration of estates are deemed to be the acts of all; for they have all a joint and entire authority over the whole property. It would seem to follow from this principle that they have the powers of joint and several agents of one principal, and that any action done or performed by one, within the scope and authority of his agency, is a valid exercise of power and binds his associates." Barry v. Lambert, 98 N. Y. 300, 308, 50 Am. Rep. 677.

But this is limited to acts of a ministerial nature. Acts that call for an exercise of judgment and discretion one of several cannot do. The concurrence of all is necessary. Perry on Trusts, § 411; Fritz v. City Trust Co., 72 App. Div. 532, 76 N. Y. Supp. 625. The institution of these proceedings is not a mere ministerial act. The bulk of the estate is invested in the stock of this corporation. Whether that corporation should be dissolved, its assets sold, and their stock holdings reduced to cash, requires the exercise of judgment and discretion of the highest degree. Therefore, both upon law and in reason, one coexecutor could not bring this proceeding.

On the other hand, if George Ehret, Jr., should be deemed to be a petitioner, then the statutory requirement with respect to the affidavits is not met. The proceeding is purely statutory, and the statute must be substantially followed, or the entire proceeding is invalid. Hitch v. Hawley, 132 N. Y. 212, 30 N. E. 401.

As to the question of fact presented by the affidavits as to the stock holdings of the respective parties, I do not feel that to be a matter that can be considered in this proceeding. It seems to be conceded that the holding, as shown by the books of the corporation, of William G. Ringler's estate, is 3,000 shares. Whether 5 shares were wrongfully transferred from Mrs. Hachemeister must be determined in an appropriate action or proceeding directly brought to determine that issue. It cannot be considered collaterally in this proceeding.

But, conceding that the stock of the corporation is equally divided into not more than two independent ownerships or interests, it must be further shown that it would be beneficial to the interest of the stockholders that the corporation should be dissolved. It is alleged in the petition that the present directors are friendly to the parties interested, and by reason of the equally divided stock, and the impossibility of any one voting a majority of the stock against them, that they cannot be ousted; that the earnings of the company have very greatly increased under the management of the present officers and of the petitioners; that the company is solvent, with large surplus, and is earning large profits. Under such circumstances, how is it ben-

eficial to the stockholders that this corporation should be dissolved? There is not as much shown here as was stated in the petition in the Matter of Pyrolusite Manganese Co., 29 Hun, 429, which the court held to be entirely insufficient.

The sole reason seems to be (so far as the petition discloses the reason) that it is unpleasant to the officers and directors to continue to hold over, knowing that one-half of the stockholders desire to make a change. However their personal feelings may be hurt, it does not and should not interfere with their giving their best endeavors, which have been so signally beneficial to the stockholders in the past; and the consciousness of a duty well performed should be sufficient balm for their wounded feelings.

This proceeding was brought on one day's notice to the Attorney General, who appeared in court and consented on the return day to its being added to the printed calendar, and stated that there was no opposition to the application. While the Attorney General has the right to accept such notice as he deems sufficient, the purpose of giving him notice is to insure some publicity to the proceedings; otherwise, they might be granted ex parte. The course pursued in this matter not alone defeated the publicity that the application would have had from the printing of the calendar in the Law Journal, but, by stating that there was no opposition, led to the granting of the motion without the scrutiny of the papers by the court that would have been given to an ex parte application.

For the reasons given, the motion to vacate the order of November 11, 1910, should be granted, with $10 costs.