### McGINN v. LIGHTHOUSE et al.

(Surrogate's Court, Monroe County. June 14, 1912.)

1. EXECUTORS AND ADMINISTRATORS (§ 454*)—JUDGMENT—ENFORCEMENT—EXECUTION—"FINAL PROCEEDING."

   Where a judgment is recovered against executors in their representative capacity in the Supreme Court, an application to the surrogate to issue an execution on such judgment is a "final proceeding" de novo in the Surrogate's Court, within Code Civ. Proc. §§ 1825, 1826, to be commenced by the filing of a verified petition and an issue of citation, or an order to show cause, unless the issue and service of such citation or order is waived by the parties affected; service being had personally on each of the executors, in the absence of a showing that such service cannot be had with due diligence, in which case notice must be given in such manner as the surrogate directs.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1909–1928; Dec. Dig. § 454.*]

2. APPEARANCE (§ 3*)—APPEARANCE BY ATTORNEY—SURROGATE'S COURT.

   Appearance by an attorney in a Surrogate's Court is not recognized, unless accompanied by an authorization duly acknowledged as of an instrument to be recorded within the state, except where citation or order to show cause has been issued by the court, naming the parties who are cited to appear, when an appearance by an attorney is recognized without written authority.

   [Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 9–11; Dec. Dig. § 3.*]

3. EXECUTORS AND ADMINISTRATORS (§ 454*)—SPECIAL PROCEEDINGS—SERVICE.

   In a special proceeding before the surrogate for leave to issue execution against the assets of a decedent's estate in the hands of executors, service of application on one of the executors is not sufficient to bring them all in, but service should be had on each.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1909–1928; Dec. Dig. § 454.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Application by Elizabeth R. McGinn for leave to issue execution on a judgment obtained against Margaret V. Lighthouse and others, as executors, in the Supreme Court.   Denied.

See, also, 149 App. Div. 931, 134 N. Y. Supp. 1138.

Hubbell, Taylor, Goodwin & Moser, for the motion.
S. D. Bentley, opposed.

BROWN, S.   This is an application on the part of the plaintiff in the action against the executors of a decedent, brought against them in their representative capacity.   The petitioner, who secured the judgments against said executors, served an affidavit on the attorney for the defendant and notice of application or motion to this court for leave to issue execution on the judgment taken by the plaintiff. Said application is made under the provisions of sections 1825 and 1826 of the Code of Civil Procedure.   Copy of affidavit and notice were served upon the attorney for the executors in the action in the Supreme Court.   He admitted service as attorney for the defendants upon a copy of such notice of motion and affidavit.   Upon the return of said motion, said attorney notified the court that he had no authority to appear for two of the executors, objected to the jurisdiction of the court as against those two executors, and claimed that they should be properly before the court before the court could proceed, and, further, that the proceeding was not properly brought, so as to confer jurisdiction on the court, in that the proceeding was not brought by a petition duly verified and a citation or order to show cause issued thereupon by the court.

[1] While this court does not wish to be technical in matters of practice, nevertheless there are principles of practice that must be observed for the orderly administration of justice.   The practice of this proceeding is to secure the leave of the court for the issue of an execution against the executors in their representative capacity upon a judgment taken in another court, to wit, the Supreme Court.   A judgment having been taken against the executors in their representative capacity after the death of the decedent, proper application for such permission falls under sections 1825 and 1826 of the Code of Civil Procedure, and accordingly it is a special proceeding in this court; in other words, it is a de novo proceeding in this court for relief against the executors of an estate which is under the jurisdiction of this court, and upon a judgment not taken in this court, but taken in another court.   Were this application upon a matter already pending in this court, it might be in some instances proper to make an application by affidavit and notice of motion in conformity with the
in the Supreme Court in like cases; but, being a new proceeding in this court to aid the plaintiff to collect her execution on a judgment in another court, it is an independent proceeding under the class of a special proceeding.

[2] Special proceedings must be started in this court by the filing of a verified petition and the issue of a citation or an order to show cause, unless the issue and service of such citation or order to show cause is waived by the parties affected, or to be affected.   There is

filed herein no waiver of such service, and, as long as no citation or order has been issued, the appearance of an attorney is not recognized in this court, unless said appearance is accompanied by an authoriza-tion duly acknowledged as of an instrument to be recorded within this state. Where citation or order to show cause has been issued by this court, naming the parties who are cited to appear before the court, then an appearance by an attorney for a party is recognized, without the written authority of said party authorizing such appearance. It therefore appears to the court that this court has no jurisdiction of this application, for both of the reasons above mentioned.

[3] Counsel for the applicant claims that service on one executor is sufficient to bring them all in. In that I must disagree, on the author-ity of Bodle v. Hulse, 5 Wend. 313, Scrantom v. Farmers' & Mechan-ics' Bank, 33 Barb. 527, approvingly cited in Simpson v. Simpson, 44 App. Div. 492, 494, 60 N. Y. Supp. 879, and Matter of Slingerland, 36 Hun, 575. I am, therefore, further of the opinion that in a matter of this character each of the executors should be personally served with notice of the application, unless it appears that service cannot be so made with due diligence, in which case notice must be given to such persons and in such manner as the surrogate directs, by an order to show cause why the application should not be granted.

An application for an execution is an application for a matter of substantial right, and each executor is entitled to the notice required by the Code, and, as shown above, provision is made how to give such notice, if personal service cannot be had with due diligence. This ap-plication is in the nature of a motion, and costs as of a motion should be allowed. I accordingly find that the application made herein should be denied, with $10 motion costs, without prejudice to the applicant to renew her application in a proper form for leave to issue execution on the judgments set forth in the application herein.

Let order be entered accordingly.