In the Matter of the Estate of ANDREW DAVIS, Deceased.

NORA CARROLL, Executrix, etc., of FANNIE KELLY, Deceased, Appellant; WILLIAM J. DOTY, Administrator with the Will Annexed of ANDREW DAVIS, Deceased, and Another, Respondents.

Fourth Department, March 4, 1931.

*John W. Hollis*, for the appellant.

*William S. Stearns*, for the respondent William J. Doty.

*John Leo Sullivan*, for the respondent Frank Raymond.

PER CURIAM.   The decree appealed from is erroneous in requiring the appellant to deliver over the total amount of property of the Davis estate, which the surrogate found to have been once in

the possession of Fannie Kelly, as executrix. The executrix of Fannie Kelly's will can be required to pay over only money or property which is in her possession, or under her control. (*Matter of Hayden*, 204 N. Y. 330; Surr. Ct. Act, § 266, derived from Code Civ. Proc. § 2734, which was revised from Code Civ. Proc. §§ 2606 and 2605 by Laws of 1914, chap. 443.) No property of the Davis estate is shown to be in the possession or under the control of the appellant Nora Carroll. Doty, as administrator with the will annexed, seems to have possession or control of some property of the Davis estate.

Fannie Kelly was not only the executrix of the Davis will but was the sole legatee and devisee of all of the testator's estate thereunder. The estate of Andrew Davis was partly administered by her during her lifetime. Of course the estate of Fannie Kelly is responsible as a debtor for all the assets of the estate of Andrew Davis which remained in her hands at her death unadministered, and a judgment might be granted against her executrix as such for the amount of such assets. (*Matter of Hicks*, 170 N. Y. 195; *Matter of Walton*, 112 App. Div. 176.) As a practical matter, however, in the final adjustment of the various rights and obligations, Doty, as administrator with the will annexed, should not receive from the Kelly estate more than is necessary to satisfy unpaid claims against the estate of Davis and the expenses of administration. What the sum is does not appear in this record. The balance of the Davis estate belongs to Fannie Kelly's estate by virtue of the legacy to Fannie Kelly under the Davis will. (*Matter of Mullon*, 145 N. Y. 98, 104; *Blood* v. *Kane*, 130 id. 514.) A petition by Nora Carroll for an accounting by Doty and for the bringing in of claimants under section 257 of the Surrogate's Court Act (as amd. by Laws of 1926, chap. 669), would probably make it practicable to settle the Davis estate at once and permit the payment of the creditors of that estate by the administrator with the will annexed, and the appellant without any payments by the appellant to the administrator Doty, except possibly for administration expense. (*Matter of Menahan*, 224 App. Div. 139.)

The decree should be reversed on the law, with costs to the appellant payable out of the estate, and matter remitted to the Surrogate's Court for further proceedings as the parties may be advised.

All concur. Present — Sears, P. J., Crouch, Edgcomb, Thompson and Crosby, JJ.

Decree reversed on the law and matter remitted to the Surrogate's Court for further proceedings as the parties may be advised, with costs to appellant payable out of the estate.