WILLIAM J. DOTY, as Administrator with the Will Annexed of ANDREW DAVIS, Deceased, Respondent, *v.* NORA CARROLL. as Executrix, etc.. ˉof FANNY KELLY, Deceased, Appellant.

PER CURIAM. When this matter, in another form, was before this court, we said this: " Doty, as administrator with the will annexed, should not receive from the Kelly estate more than is necessary to satisfy unpaid claims against the estate of Davis and the expenses of adminisration." (*Matter of Davis*, 232 App. Div. 7.) The judgment for the amount of the assets of Davis shown to have come into the hands of Fanny Kelly was taken without reference to the amount required to pay the debts of Davis and the expenses of administration of his estate. The Surrogate's Court from which letters testamentary upon the will of Fanny Kelly were issued is given exclusive authority to direct the issuance of execution and to specify the amount to be collected for purposes indicated in our former opinion. (Dec. Est. Law, § 151.) All concur. Judgment modified by striking therefrom the provision for execution and as so modified affirmed together with the order, without costs.

SADIE EASON RIVETTE, and Another, Respondents, *v.* BARKERS RESTAURANT, INCORPORATED, Appellant, Impleaded with Others, Defendants.

MEMORANDUM. The record discloses no change in the condition of the premises after the tenant took possession, but does disclose a condition existing previous to the tenant's entering which is sufficient to justify the jury's finding of negligence. In this state of the record the failure of the court to limit the responsibility of the defendant landlord to conditions existing before or at the time when the lease was made (*Cullings* v. *Goetz*, 256 N. Y. 287) is to be disregarded. All concur. Judgment and order affirmed, with costs.