In the Matter of the Estate of LOUIS N. LESSER, Deceased.

Surrogate's Court, Kings County, February 1, 1935.

*Charles G. Coster*, for the executors and trustees.

*McLaughlin & Stern*, for the petitioners.

*Stephen Callaghan* for Charles I. Mandel.

*Herman Gottlieb*, for Abraham Midonick.

WINGATE, S. A more unsatisfactory method for the determination of the distinctly complicated questions involved in this case than that which has here been adopted can scarcely be imagined.

Several of the opposing parties have attempted to impress upon the court the propriety of their positions by means of extended recitals in their briefs of alleged facts and circumstances which are in no wise disclosed by the record, entirely losing sight of the basic principle that such statements are wholly worthless for any purpose. (*Matter of Markowitz*, 152 Misc. 1, 2; *Matter of McKeogh*, 151 id. 327, 328.)

Whereas the present application seeks merely the vacation of an order of consolidation of a previous application for the issuance of an execution against executors with the already pending accounting of these fiduciaries, the fact that some irregularity of notice respecting the entry of this order seems to have occurred, makes necessary a review of the original application.

The petition for permission to issue execution was filed in August, 1934, by the trustee under a certain issue of corporate bonds which had been partially guaranteed by this decedent and two others, and demonstrated a recovery by the trustee of a judgment against the guarantors in a sum approximating $78,000.

Answers were interposed in this proceeding both by the executors and by the other guarantors, who were permitted to intervene, by which issues were raised in respect to the allegations that there were no creditors of the estate other than the petitioner and that the time for presentation of claims had expired. This second denial is obviously correct, since no judicial settlement of the accounts of the executors has been had.

The answers further allege, in substance, that ownership of $1,200,600 face value of the total outstanding issue of bonds of $1,370,000 is now vested in 923 Third Avenue Corporation, the stock of which is wholly owned by the executors, by reason of which approximately six-sevenths of any sum which might be paid by the executors under an execution would find its way back to the same executors through the medium of such stock ownership in the corporation.

If this situation actually exists, it would be a truly monstrous thing were a court of equitable jurisdiction to countenance the wrecking of this estate in order that a mere legal technicality as to the manner of collection of a judgment might be observed.

The applicant attempts to raise the the corporate entity of the 923 Third Avenue Corporation as a barrier against the plea of equitable set-off thus substantially interposed. Such contention cannot, however, be sustained for reasons analogous to those reviewed by this court in its recent decision in *Matter of Steinberg* (153 Misc. 339). By reason of their total stock ownership in the corporation, the executors are in reality the owners of all of its assets, for which they are accountable in this court. Since the present applicants would be permitted to subject these assets to their claims and to surcharge the executors by reason of any wrongful dealing therewith, there is no reason for viewing them in any different light when the rights of the executors are involved, since none of the essential corporate characteristics are here in question.

The sole pertinent consideration, therefore, becomes one of fact, as to whether or not the allegations of the answers are true and whether any recovery which might be made by virtue of the execution would preponderantly inure to the benefit of the estate. This question cannot be determined on a motion but only after a hearing upon the issue.

Since an application for leave to issue an execution made pursuant to the provisions of sections 151 *et seq.* of the Decedent Estate Law is a special proceeding (*McGinn* v. *Lighthouse*, 137 N. Y. Supp. 110, 111, not otherwise reported), to which the judgment creditor and the executors are the only necessary parties, the court can perceive no reason for bringing in the individual bondholders, at

least in the present stage of the case. Legal title to this judgment is vested in the applicant, and there is no more reason for joining the individual beneficiaries of the trust of which the applicant is the trustee than there would be in the case of an ordinary trust in which the rights of a *cestui que trust* are enforcible only by the fiduciary, and in respect to which the beneficiaries possess no rights of interference. (*Bushe* v. *Wright*, 118 App. Div. 320, 322; *Matter of Meehan*, 104 Misc. 219, 222; *Matter of Harbeck*, 142 id. 57, 68; *Matter of Kamhi*, 147 id. 620, 621; *Matter of Eger*, 139 id. 59, 62.)

This court has exclusive jurisdiction of an application like the present. (*Doty* v. *Carroll*, 238 App. Div. 759.) In the usual case the sole issue is as to whether or not the assets of the estate are sufficient to satisfy the judgment and to take care of the other obligations of the estate without a resulting improper preference to the applicant. Under such circumstances, the question is properly determinable by an accounting which may be directed for the purpose of ascertainment of the fact. (*Matter of Congregational Unitarian Soc.*, 34 App. Div. 387, 389; *Matter of Dimou*, 149 Misc. 83, 87.) Were this the issue in the present proceeding, it would obviously be proper, since an accounting is already pending, to consolidate the two proceedings. Such is not, however, the case. The defense of absence of requisite assets is not pressed and in view of the showing of the account would seem incapable of substantiation. Another and different defense, namely, of equitable set-off, is interposed, of which this court, being of equitable jurisdiction (*Matter of Dickman*, 142 Misc. 207, 210, and authorities cited), has cognizance for the purpose of avoiding circuity of action.

The application to vacate the order of consolidation is, therefore, granted and a trial on the merits of the defense of equitable set-off may be brought on for hearing in the original proceeding on usual notice.

Enter order on notice accordingly.