In the Matter of the Final Judicial Settlement of the Account of MARY M. KNEESKERN, as Administratrix, etc., of MAGGIE K. SMITH, Deceased, Executrix, etc., of JONAS S. SMITH, Deceased.

OLLIE KNEESKERN, Substituted Accounting Party in the Estate of JONAS S. SMITH, Deceased, and Executrix, etc., of MARY M. KNEESKERN, Deceased, the Former Accounting Party in the Estate of JONAS S. SMITH, Deceased, Appellant; FRED S. LATHERS and Another, Administrators with the Will Annexed, etc., of JONAS S. SMITH, Deceased, Respondents.

Third Department, March 3, 1937.

*Edward R. Hall* [*George H. Hall* of counsel], for the appellant.

*T. Cuthell Calderwood*, for the respondents.

RHODES, J. The order appealed from adjudges the appellant guilty of contempt of court and directs her imprisonment until she makes the payments required by decree of the Surrogate's Court of Montgomery county dated March 23, 1936.

It is unnecessary at this time to enumerate the various proceedings involved relative to the estate of Jonas S. Smith, who died testate on the 13th of April, 1913, naming his widow as his executrix.

The decree which the appellant has failed to obey was entered in connection with the judicial settlement of the accounts of said Maggie K. Smith, as said executrix under the will of said Jonas S. Smith, and those subsequently representing her upon her death which occurred in 1923, before a final accounting herein. The controversy relative to the accounting has twice been before this court. (See *Matter of Smith*, 231 App. Div. 277; *Matter of Smith*, 234 id. 149; affd., 261 N. Y. 642.)

By those appeals and subsequent proceedings the appellant, as accounting party, was charged in her representative capacity with a balance of $7,832.84, with interest thereon from January 14, 1929, which said balance she was ordered to pay over in accordance with the direction of said decree and which payments concededly she has failed to make.

It is urged in behalf of the appellant that she was liable to pay over only to the extent of the assets of said Jonas S. Smith which have come into her possession. (See *Matter of Davis*, 232 App. Div. 7.)

The record in the accounting proceeding shows beyond question that the widow and executrix of said Jonas S. Smith commingled the assets of her husband's estate with other assets belonging to herself personally; that the amount of said assets with which she was chargeable passed into the hands of her executrix, Mary M. Kneeskern, and that in turn upon the death of said Mary M. Kneeskern, in 1927, the assets thus commingled were received by the appellant Ollie Kneeskern, the executrix of said Mary M. Kneeskern, said appellant as such executrix having been duly substituted as accounting party herein for the purpose of continuing the accounting proceeding.

The record discloses that in a report made by the appellant in transfer tax proceedings upon the estate of said Mary M. Knees-

kern, the appellant stated the net estate of said Mary M. Kneeskern, after deduction of liabilities to be $20,191.45, of which appellant claimed as her daughter the sum of $18,191.45. The record shows that the appellant has received and is chargeable with assets belonging to the estate of Jonas S. Smith in the amount established by the decree in the accounting proceedings herein.

Counsel for appellant raises the point that an execution should have been issued before the granting of the order punishing for contempt. By section 84 of the Surrogate's Court Act such contempt order may be granted without the prior issuance of an execution.

Other points raised are not deemed of sufficient importance to require discussion.

The delay in the settlement of the estate of Jonas S. Smith has been unconscionable and the facts suggest more than a suspicion that such delay has been deliberate and intentional and with the purpose of misappropriating these assets under the claim that they belong to the estate of Maggie K. Smith and not to the estate of Jonas S. Smith.

The contempt order appealed from is abundantly justified in law and in fact, is eminently proper and warranted and should be affirmed, with costs against the appellant personally.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Order affirmed, with costs to the respondents against the appellant personally.

The court finds as a fact that Ollie Kneeskern, the accounting party herein, has received and is chargeable with assets of the estate of Jonas S. Smith at least to the amount stated in the said decree settling her accounts in said estate.