**Lillie Mae FAMBROUGH and Minnie Fambrough as Administratrix of the Goods, Chattels and Credits which were of Willie Frank Fambrough, Deceased, Plaintiffs,**

v.

**GILL TRANSPORTATION CORP. et al., Defendants.**

United States District Court
S. D. New York.
May 1, 1964.

---

2. Broadly construed, copyright infringements and Lanham Act violations are also forms of unfair competition.

ground that the court does not have jurisdiction over the controversy because of lack of diversity between the parties.

■ The action is brought by the administratrices of the estate of the decedent. It is claimed that decedent met his death in New York as a result of being struck by a taxicab operated by the defendants. The Surrogate's Court of New York County appointed Lillie Mae Fambrough and Minnie Fambrough as the administratrices of the estate. Lillie Mae Fambrough is a resident of North Carolina and is the mother of the decedent. Minnie Fambrough is a resident of New York and a sister of the decedent. All of the defendants are residents of New York. On this set of facts there is lack of diversity. Strawbridge v. Curtiss, 3 Cranch (7 U.S.) 267, 2 L.Ed. 435 (1806).

■■ Plaintiffs attempt to cure this defect by requesting that Minnie Fambrough, the New York resident, be dropped as a party plaintiff. There appear to be two objections to this procedure. Plaintiffs themselves state that the reason Minnie Fambrough was appointed as a co-administratrix by the Surrogate's Court is that Lillie Mae Fambrough was an illiterate and could not qualify as administratrix under the laws of the State of New York unless she had a co-administratrix who was literate. Since Minnie Fambrough was indispensable for the issuance of letters of administration, she is an indispensable party to this litigation. Furthermore, it is the law in New York that all the qualified and acting executors must be made parties. Simpson v. Simpson, 44 App.Div. 492, 60 N. Y.S. 879, 880 (App.Div.2d Dept. 1899); In re George Ringler & Co., 70 Misc. 576, 127 N.Y.S. 934 (Sup.Ct.N.Y.Cty.1911); cf. Prygocki v. Prydatko, 105 N.Y.S.2d 205, 208 (Sup.Ct.Suffolk Cty.1951). The same rule would apply to administrators.

In Blake v. McKim, 103 U.S. 336, 26 L.Ed. 563 (1880), an action against several executors was removed from the state court in Massachusetts to the federal court and a motion was made to remand. The plaintiff and two of the ex-

Lawrence Lauer, New York City, for plaintiffs.

Newman & O'Malley, New York City, for defendants Sparrow Transp. Corp. and Jack Bruger.

METZNER, District Judge.

Two of the defendants move to dismiss pursuant to F.R.Civ.P. 12(b) (1) on the

ecutors were citizens of Massachusetts. The third executor was a citizen of New York. The Court found that the executors were indispensable parties to the suit and sustained the remand to the state court because of lack of diversity.

Motion to dismiss is granted. So ordered.