Harry G. Herman, S.
Two of the three executors have brought a proceeding against the third fiduciary whereby the court is asked to disallow a stock option and void a stock interest claimed to be held by the respondent. Certain other incidental relief is also requested. In answer to the petition, respondent has moved for an order dismissing the application, claiming the court does not possess jurisdiction to determine the issues.
For the purpose of deciding the motion the following facts are assumed to be true. Decedent owned all the stock of Artex Enterprises, Inc., hereinafter referred to as Artex, which in turn owned all the capital stock of Garten Table Pad Company, hereinafter referred to as Garten. Respondent has presented a claim to the estate in the form of a written option signed by the decedent as president of Artex dated July 19, 1962, by the terms of which the respondent was given permission to purchase 40 shares of stock of Garten. The respondent has tendered the money to buy the said stock. Respondent also claims to own 30 shares of Garten stock purchased from decedent which is also disputed. Respondent is the operating manager of Artex. He is accused of acts designed to interfere with the continued operation of Garten. Petitioners raise a question of the genuineness of the signatures to the option and stock certificate.
Respondent advances the argument that section 211-b of the Surrogate’s Court Act is inapplicable. The ultimate question for determination is whether the court can assume jurisdiction upon the facts which have been presented. Respondent further argues that inasmuch as Artex and Garten have not been made parties to the proceeding, it is defective as all the necessary parties are not before the court.
The crux of this matter is the fact that the decedent was the sole owner of Artex which in turn solely owned Garten. For all practical purposes, decedent controlled the activities of both corporations. Therefore, any claim against either corporation is in essence a claim against the estate, for the estate is ultimately affected. Should the stock option be valid, it would adversely affect the estate. If the respondent does in fact own 30 shares of stock it would cause the interest of the estate to be diminished.
*210 It is the court’s opinion that this controversy involves decedent’s estate and rightfully belongs in the Surrogate’s Court (Matter of Lebowitz, 30 Misc 2d 964). Precedent exists for the Surrogate’s Court to look into corporate matters in certain instances (Matter of Ostwald, 20 Misc 2d 1001). Courts have been prone to disregard the corporate entity where the business is solely owned, as it is here. It has been said “By reason of their total stock ownership in the corporation, the executors are in reality the owners of all of its assets, for which they are accountable in this court ” (Matter of Lesser, 154 Misc. 364, 366). The Court of Appeals in Matter of Hubbell (302 N. Y. 246, 254-255) stated: “ Where, as here, the trustees own, in their individual and representative capacities, the entire outstanding stock of a corporation, that duty extends not only to the trust estate as such but also to the operations of the corporation. (See Matter of Horowitz, 297 N. Y. 252; Matter of Doelger, 279 N. Y. 646, affg. 254 App. Div. 178; Matter of Auditore, 249 N. Y. 335, 278 N. Y. 234; Matter of Witkind, 167 Misc. 885, 893; Farmers’ Loan & Trust Co. v. Pierson, 130 Misc. 110, 119; see, also, Cahn, Estate Corporations, 86 U. of Pa. L. Rev. 136, 138.) Cahn states the rule in this way (loo. cit.): It is well established that where a trustee holds a working control of the stock in an estate corporation he is accountable in the probate court for the administration of the corporate affairs. His cestuis que trustent may require him to treat the corporate transactions as though they were his own transactions as trustee [Farmers’ Loan & Trust Co. v. Pierson, 180 Misc. 110; Matter of Auditors, 249 N. Y. 335].’ ” In support of his position, respondent made reference to Matter of Pulitzer (139 Misc. 575, affd. 237 App. Div. 808). A careful reading of that case would disclose the distinction; on page 585 of said decision the court used the following language: “ A different situation might arise and different responsibilities accrue where the entire stock of the corporation was owned by the estate. In cases of that character, the court, in its equitable powers, might disregard the corporate entity ”.
In view of the authorities, the court is of the opinion that the proceeding brought by the petitioners is one over which it should exercise its equitable powers (Surrogate’s Ct. Act, § 40). Accordingly the motion to dismiss the petition is denied.