JAMES VAN CAMP, FOR HIMSELF AND ALL OTHER LEGATEES UNDER THE LAST WILL AND TESTAMENT OF ANN JENNETTE VAN CAMP, DECEASED, APPELLANT, *v.* ALBERT FOWLER, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF OLIVER H. PERRY, DECEASED, AND OTHERS, RESPONDENTS.

*Estate in remainder — when it vests — heirs and next of kin, determined as of what date.*

A testator, by his will, gave " All the rest, residue and remainder of both my real and personal estate unto Albert Fowler, my executor hereinafter named and appointed, in trust for and during the natural lifetime of my wife, Ann Jennette Perry, for the uses and purposes hereinafter specified."

After making provision for the support of his wife and child from the income, and if necessary from the principal of the trust estate, he further provided as follows:

" And from and immediately after the decease of my said wife, unless such decease shall occur before my said son arrives at the full age of twenty-one years; and in such case when he, my said son, shall arrive at such age of majority, I give, bequeath and devise all that shall then remain of said trust estates, and the use and profits thereof, unto my said son, Walter T. Perry, his heirs and assigns, forever."

Prior to August 22, 1866, the widow married James Van Camp, and on that day the son, Walter T. Perry, died leaving his mother his only heir-at-law and next of kin, to whom letters of administration upon his estate were subsequently granted.

*Held,* that the bequests to Walter T. Perry passed an interest in the estate which vested at the time of the death of the testator.

That, in any event, the heir and next of kin of the testator must be determined as of the time of his death, and that the fact that a party entitled to his estate died before the time of the distribution thereof would not affect the rights of the legal representatives of such party to claim the interest to which he would have been entitled therein had he lived.

APPEAL by the plaintiff James Van Camp from a judgment of the Supreme Court, entered in the office of the clerk of the county of Onondaga on the 8th day of October, 1890, whereby, among other things, it was adjudged that, under the provisions and language of the will of Oliver H. Perry, deceased, his son, Walter T. Perry, had no vested estate therein, and that upon the death of the said Walter T. Perry, before attaining his majority, and upon the death of Ann Jennette Van Camp, the said fund belonged to, and was still vested in, the estate of the testator, Oliver H. Perry, as undisposed of and not bequeathed under said will.

The appellant also gave notice of an intention to bring up for review upon such appeal all the exceptions taken upon the trial, the exceptions to the findings and conclusions of law found by the trial court, its refusals to find as requested, as well as all questions relating to the correctness of the judgment, both upon the law and the facts; but the appellant did not appeal from that portion of said judgment therein contained in the following words, namely: "That the said judgment and decree heretofore set forth, rendered and entered in said action brought by Ann Jennette Van Camp, as plaintiff, against Albert Fowler, as executor of the will of Oliver H. Perry, deceased, as defendant, is not a bar to this action, and the plaintiff is not bound or concluded thereby."

This action was brought for the construction of the will of Oliver H. Perry, who died at Truxton, Cortland county, N. Y., on the 24th of January, 1864, leaving real and personal estate, and leaving a widow, Ann Jennette Perry, and as his sole heir and next of kin, a son, Walter T. Perry, then about three years old. In his will, after providing for debts and funeral expenses, he gave and devised "all the rest, residue and remainder of both my real and personal estate unto Albert Fowler, my executor, hereinafter named and appointed in trust, for and during the natural lifetime of my wife, Ann Jennette Perry, for the uses and purposes hereinafter specified;" and he then provided that his executor should pay annually to his wife, as long as she remained his widow, the clear uses, profits and increase of the trust estates for the support and maintenance of herself and his son, and, in case that was not sufficient for that purpose, then he directed his executor to make up the deficiency out of the trust estate. In case his wife remarried, he directed his executor, during

the minority of the son, to pay annually to his wife out of the trust estates, or the uses and profits thereof, sufficient to provide for the support and maintenance of the son. In case his wife, after her remarriage, should not have any other legal source from which to derive a comfortable support, he directed his executor to pay to her from time to time out of the trust estates, or the uses and profits thereof, sufficient to supply such deficiencies. In case his wife died before his son arrived at twenty-one, he directed his executor to provide for his support and maintenance during minority. Then came the following provision: "And from and immediately after the decease of my said wife, unless such decease shall occur before my said son arrives at the full age of twenty-one years, and in such case when he, my said son, shall arrive at such age of majority, I give, bequeath and devise all that shall then remain of said trust estates, and the use and profits thereof, unto my said son, Walter T. Perry, his heirs and assigns forever. And I further order and direct that my said wife receive the payments hereinbefore ordered to be made to her in lieu of dower." He then appointed Albert Fowler sole executor, giving him full power to sell and convey any of the real estate at such time or times, and in such manner as to him should seem best.

The will was duly proved on February 5, 1864, and letters testamentary issued to the defendant, Albert Fowler. He afterwards sold and converted the real and personal estate into money. Prior to August 22, 1866, the widow married the plaintiff, James Van Camp. On the 22d of August, 1866, the son, Walter T. Perry, died, leaving his mother, Mrs. Van Camp, his only heir and next of kin. She took out letters of administration on his estate on the 14th of October, 1867. Soon after this, Mrs. Van Camp brought an action in the Supreme Court in her own name, as plaintiff, against Albert Fowler, as executor, setting forth in her complaint the foregoing facts, and that the executor had in his hands about $3,000, and she alleged that the executor had no right to the possession of this, but that upon the death of Walter T. Perry the estate passed to her as his heir-at-law and personal representative, and that she, as such, was entitled to the same. She also alleged that she had no other legal source of support and that the executor had neglected to provide for

her.  She asked for an accounting and for a construction of the will, to-
the end, that it might be determined what were the rights of herself
and of the executor, and that the executor be adjudged to pay her·
the amount of the estate, or such part thereof as she might be
adjudged to be entitled to, annually or otherwise.  The defendant
therein, put in a general denial.  The case was .tried at Special
Term February, 1868, and the decision, after fixing the amount in
the defendant's hands, decreed that the plaintiff therein was legally
entitled to be paid the accumulations of interest on the balance ·of
the fund as the same became due, and to have the principal applied
to her comfortable support whenever she should be unable to derive
such support 'from any other legal source, and directed the
defendant to safely invest the fund and pay the interest to the
plaintiff and, under the order of the court, apply the principal
whenever necessary.  It was not decided as to who was the owner
of the balance of the fund.  After this, and down to the time of
her death on March 28, 1889, Mrs. Van Camp received from the
executor the interest on the fund. .The executor now has in his
hands $2,711.63, besides some interest.  Mrs. Van Camp left a
will, which was proved on the 3d of June, 1889, and letters testa-
mentary issued to the defendant, Levi Fowler.  In this will the
plaintiff is given a legacy of $1,000 and is also residuary legatee
of the personal estate.  Mrs. Van Camp left no property, except
her interest as heir-at-law and next of kin of Walter T. Perry, in the
estate of Oliver H. Perry.  Upon application of the plaintiff, the
defendant Levi Fowler, as executor of Mrs. Van Camp, declined to
bring an action for the construction of the will of Oliver H. Perry,
and the defendant Albert Fowler, as executor, etc., also declined.
Thereupon the plaintiff brought the action.  The defendants,
other than Levi Fowler and Albert Fowler, are the present heirs
and next of kin of Oliver H. Perry, being his brothers and sisters
or their representatives, and they claim to be entitled to the fund in
controversy.

Upon the trial it was decided that under the will of Oliver H.
Perry no estate in the fund and no legacy vested in Walter T.
Perry during his minority and the lifetime of the widow, and that
during such minority the whole of the estate was in the trustee, and
that Walter T. had no vested estate therein ; that upon the death

of Walter T. before attaining his majority, and upon the death of
Mrs. Van Camp, the fund belonged to and was still vested in the
estate of Oliver H. Perry as undisposed of and not bequeathed
under his will; that the fund now in the hands of the executor, the
defendant Albert Fowler, was to be distributed among the defendants,
as next of kin of Oliver H. Perry, as property undisposed of by the
will; that the judgment in the action brought by Mrs. Van Camp
was not a bar to this action, and the plaintiff is not bound thereby;
that the complaint be dismissed with costs. The plaintiff appealed
from the judgment, except as to the provision in regard to the
judgment in the action brought by Mrs. Van Camp.

*William M. Ross*, for the appellant.

*Lewis & Wilson*, for the respondents.

MERWIN, J.:

It was apparently assumed by both parties at the trial, and is here,
that if the legacy or devise to Walter T. Perry vested, so that upon
his death it went to his heirs or representatives, then the estate of
Mrs. Van Camp, represented by her executor, the defendant Levi
Fowler, would be entitled to the fund. The controversy was between
the representatives of the estate of Mrs. Van Camp, holding the
vested rights, if any, of Walter T. Perry upon the one hand, and
the defendants, the present heirs and next of kin of Oliver H. Perry,
upon the other.

The claim of the plaintiff is, that the bequest and devise to
Walter T. Perry passed an interest that vested at the time of the
death of the testator. We think that this position is sustained
by authority. There is here a direct gift to Walter T. Perry, his
heirs and assigns, and it is within the rule laid down in *Matter of
Accounts of Mahan* (98 N. Y., 376), that, if there be a direct gift
to legatees, a direction for payment at the happening of a certain
event should not prevent its vesting, and, therefore, the personal
representatives of a legatee dying before the event happened shall
be entitled to receive it when payable. In that case, as also in
*Goebel* v. *Wolf* (113 N. Y., 405), there was an intervening trust for
the support of the widow and of children until majority. This did not
prevent the vesting. The use of the expression "when he, my said

:son, shall arrive at such age of majority " did not prevent the vesting. (1 Jarman on Wills [5th ed.], 806 ; 4 Kent's Com., 232.) Nor did the expression, "from and after the decease of my said wife." (*Livingston* v. *Greene,* 52 N. Y., 118 ; *Bedell* v. *Guyon,* 12 Hun, 396.) The bequest was residuary. The circumstance that the principal might be reduced in the operation of the trust does not change the result. (*Mitchell* v. *Knapp,* 54 Hun, 500, and cases there referred to.)'

But suppose, as is claimed by defendants, the gift did not vest, but passed as undisposed of property, it would not go to the defend- :ants, the present so-called heirs and next of kin. It would go to and vest in the heir and next of kin, according to the situation at the time of the death of the testator. (*Rose* v. *Clark,* 8 Paige, 574 ; 2 Wms. Exrs. [6th Am. ed.], 1591, note.) The fact that the dis- tributee died before the time of distribution would not affect the rights of his representatives. It follows that the heirs or repre- sentatives of Walter T. Perry are entitled to the fund.

But it is urged by the defendants that the plaintiff is not in a position to maintain this action. The court below passed upon the merits and did not in terms consider this question.

The claim of the defendants is, that if any one could bring the action it must be the personal representative of Mrs. Van Camp. Still her executor refused to bring it, and in such a case the benefi- ciary has a right, somewhat within the discretion of the court, to bring an action for the benefit of the estate. This discretion, so far as it was exercised by the trial court, was in favor of the mainte- nance of the action. This result should not be here disturbed. Assuming, then, that the plaintiff has the same standing that the executor of Mrs. Van Camp would have, the case of *Wager* v. *Wager* (89 N. Y., 161, 166) is authority for the maintenance of the action. This is on the assumption that Mrs. Van Camp succeeded to all the rights of her son. No point was made at the trial, and is not here, that there was any occasion for the appointment of an administrator *de bonis non* of the estate of the son in order to fully vest in the mother's estate the rights of the son. She was the sole beneficiary of his estate.

The defendants further claim that the judgment obtained by Mrs. Van Camp in 1868 is a bar. The court at Special Term held

otherwise, and the defendants did not appeal. The plaintiff, in his notice of appeal, expressly excepted that provision in the judgment. We do not consider that question. The pendency of proceedings in the Surrogate's Court was not pleaded as a defense, and is not available here to the defendants.

. It follows that the judgment should be reversed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment reversed and new trial ordered, with costs to abide the event.