(140 App. Div. 438.)

WALLACH v. DRYFOOS et al.

(Supreme Court, Appellate Division, First Department.  November 4, 1910.)

1. MONEY LENT (§ 6*)—COMPLAINT—REQUISITES.

    A complaint for money lent need not allege a specific agreement to repay on any particular date.

    [Ed. Note.—For other cases, see Money Lent, Cent. Dig. §§ 8–10; Dec. Dig. § 6.*]

2. MONEY LENT (§ 6*)—COMPLAINT—NECESSARY ALLEGATIONS.

    The essential allegations of a complaint for money lent are the loan, the promise to repay, and nonpayment.

    [Ed. Note.—For other cases, see Money Lent, Cent. Dig. §§ 8–10; Dec. Dig. § 6.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. MONEY LENT (§ 7*)—TIME FOR REPAYMENT.
    In the absence of allegation of specific agreement as to when a loan was to be repaid, it must be assumed that no such agreement existed.
    [Ed. Note.—For other cases. see Money Lent, Dec. Dig. § 7.*]

4. MONEY LENT (§ 1*)—REPAYMENT—TIME.
    When no time for repayment of a loan is fixed, it is repayable at once, or whenever the lender chooses to demand it, and no demand need be made before suit.
    [Ed. Note.—For other cases, see Money Lent, Cent. Dig. §§ 1, 2, 4; Dec. Dig. § 1.*]

5. MONEY LENT (§ 6*)—COMPLAINT—SUFFICIENCY.
    If a complaint for money lent were required to allege maturity of the demand, an allegation that at testator's death, and ever since, there has been wholly due and owing from defendant the sum sued for, was sufficient.
    [Ed. Note.—For other cases, see Money Lent, Cent. Dig. §§ 8–10; Dec. Dig. § 6.*]

6. MONEY LENT (§ 6*)—COMPLAINT—REQUISITES.
    When a complaint for money lent sufficiently alleges facts showing an actual or implied promise to pay, it is sufficient to allege that the amount sued for is due, though bare allegation that a sum is due will not justify omission of allegations necessary to establish the fact of indebtedness.
    [Ed. Note.—For other cases, see Money Lent, Cent. Dig. §§ 8–10; Dec. Dig. § 6.*]

7. MONEY LENT (§ 6*)—DEFENSES—PLEADING.
    If money lent is not due when sued for, objection must be taken by answer, and not by demurrer, unless the fact appears on the face of the complaint.
    [Ed. Note.—For other cases, see Money Lent, Cent. Dig. §§ 8–10; Dec. Dig. § 6.*]

8. EXECUTORS AND ADMINISTRATORS (§ 424*)—SUITS BETWEEN COEXECUTORS.
    An executor can sue in equity to establish indebtedness of his coexecutor to the estate.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1662; Dec. Dig. § 424.*]

9. PARTIES (§ 35*)—DEFENDANTS—PERSONS HOSTILE TO PLAINTIFF.
    Code Civ. Proc. § 448, providing that, if the consent of one who should be joined as a plaintiff cannot be obtained, he may be made a defendant, does not require that he be asked to so join, if it appears that the request would be futile.
    [Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 54, 55; Dec. Dig. § 35.*]

10. EXECUTORS AND ADMINISTRATORS (§ 438*)—PARTIES DEFENDANT — PERSONS HOSTILE TO PLAINTIFF.
    In a suit by an executor to recover money lent by testator, the coexecutors were properly made defendants, without a request that they join as plaintiffs, if they were subservient to the principal defendant and hostile to plaintiff executor.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1768; Dec. Dig. § 438.*]

Appeal from Special Term, New York County.

Action by Sidney Wallach, as executor and trustee under Karl M. Wallach's will, against Milton M. Dryfoos and others. From an order refusing judgment on the pleadings, plaintiff appeals. Reversed, and motion granted, with leave.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Sidney Wallach, for appellant.

Albert R. Lesinsky, for respondents.

SCOTT, J. Appeal from an order denying plaintiff's motion for judgment on the pleadings. The motion tests the sufficiency of a demurrer to the complaint interposed by the defendant Milton M. Dryfoos individually.

The plaintiff and the defendants are the executors and trustees under the last will and testament of Karl M. Wallach, deceased, and it is manifest that their relations are inharmonious. The complaint contains eight causes of action, each of which alleges that the testator in his lifetime had loaned certain sums of money to the defendant Dryfoos. The first cause of action sets forth an agreement on the part of Dryfoos to repay a sum of money specified in that cause of action upon a given day, and specifically alleges that said defendant had not repaid it. The other seven causes of action do not set forth an agreement to pay upon any given day, but, after stating the amount loaned, allege, "which the defendant Milton M. Dryfoos promised and agreed to repay, no part of which has been paid, and at the time of the death of the testator, and ever since, there has been wholly due and owing by the said Milton M. Dryfoos to the testator" the sum specified. The demurrer, in so far as it attacked the general sufficiency of the complaint, was sustained, upon the ground that as to seven of the causes of action pleaded the complaint was defective in not showing, by allegations of fact, that the demands are due.

The action being for money loaned, I do not understand that it was necessary to allege that the defendant had specifically agreed to repay the loan on any particular date. The essential allegations of the complaint in such an action are (1) the loan; (2) the promise to repay; and (3) nonpayment—all of which are sufficiently alleged in the present complaint. Since no agreement is alleged as to the time for the repayment of the loan, it must be inferred that the loan was made, as many loans are, without such an agreement. In such a case the loan is repayable at once, or whenever the lender chooses to demand it, and the case is not one in which a demand must be made before suit, since the bringing of the action is itself a sufficient demand. Clute v. McCrea (Gen. Term, Sup. Ct.) 48 Hun, 617, 1 N. Y. Supp. 96.

But even if it was necessary to allege that the demands are due, otherwise than by alleging nonpayment of the loan, we think that the plaintiff's allegation in that regard is sufficient. The allegation is that "at the time of the death of the testator, and ever since, there has been wholly due and owing" from the defendant the sum sued for. This is a sufficient allegation that the sum sued for is due and payable, coupled, as it is, with the statement of facts from which the law will imply a liability. In Allen v. Patterson, 7 N. Y. 476, 57 Am. Dec. 542, the action was for goods sold, and it was alleged, after pleading the sale and promise to pay, that "there was then due from the defendants" the sum sued for. It was held that by the use of the

word "due" the pleader sufficiently alleged that the money sought to be recovered had become payable, or that the time when it had been promised to be paid had elapsed. A similar allegation was contained in a complaint the sufficiency of which was upheld in Goodman v. Alexander, 165 N. Y. 289, 59 N. E. 145, 55 L. R. A. 781.

The rule deducible from these authorities is that, when the complaint sufficiently alleges facts showing an actual or implied promise on the part of the defendant to pay, it is sufficient to allege that the amount sued for is "due" at the time the action is brought, although the bare allegation that a sum of money is due will not justify the omission of the allegations necessary to establish the fact of an indebtedness. If the sum owed has not become due, so that a cause of action has not accrued when the action is commenced, that objection must be taken by answer, and cannot be raised by demurrer, unless the fact appears upon the face of the complaint. Smith v. Holmes, 19 N. Y. 271. We conclude, therefore, that each count of the complaint sufficiently states a cause of action.

The demurrer further challenges the complaint for a defect of parties plaintiff, in that the plaintiff's coexecutors are not joined as parties plaintiff, and no sufficient reason is given for not joining them. The action is brought in equity, and the plaintiff seeks a judgment establishing the indebtedness of the respondent to the estate. That such an action may be maintained by one executor against a coexecutor is well settled. McGregor v. McGregor, 35 N. Y. 218; Rogers v. Rogers, 75 Hun, 134, 27 N. Y. Supp. 276. In such an action the court, if it finds that the debt exists, can make proper provision by the decree for its payment and disposition. The Code does not require that a party who should be a plaintiff must be asked to become such before being joined as defendant. Its requirement is that:

"If the consent of one who should be joined as a plaintiff cannot be obtained he may be made a defendant the reason therefor being stated in the complaint." Section 448, Code Civ. Proc.

Undoubtedly the simplest way to determine whether a person will become a party plaintiff is to ask him; but it is not necessary to do so, when it appears that such a request would necessarily be futile. The complaint alleges that the defendants Breinchen Wallach and Dina W. Block are under the control of the defendant Dryfoos, and have had absolutely nothing to do with any of the business affairs of said estate, except as instructed and guided by said Dryfoos; that since the death of the testator the defendants have become hostile to plaintiff, and that the plaintiff's codefendants have been made party defendants to this action by reason of their hostility to the plaintiff and the fact that they are under the control of said Dryfoos. In an action of this character, it is of no real importance whether the coexecutors are plaintiffs or defendants and the facts as to their hostility to plaintiff and subserviency to Dryfoos, being admitted by the demurrer, furnish a sufficient reason for joining them as defendants, without going through with the obviously idle ceremony of asking them to become parties plaintiff. Brinckerhoff v. Bostwick, 88 N. Y. 52–59; O'Connor v. Virginia, etc., Power Co., 184 N. Y. 46–52, 76 N. E. 1082.

We are therefore of the opinion that the complaint was sufficient, and that plaintiff's motion for judgment should have been granted. The order appealed from will consequently be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, with leave to the respondent, however, in accordance with the practice now established in this department, to withdraw his demurrer and answer within 10 days, upon payment of the foregoing costs and the costs of the action to date. All concur.

---

(140 App. Div. 388.)

### In re HENDRICKSON.

(Supreme Court, Appellate Division, First Department.　Nov. 4, 1910.)

1. WILLS (§ 481*)—CONSTRUCTION—TIME OF TAKING EFFECT.
　　A will speaks as of the time of testator's death.
　　[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1005–1007; Dec. Dig. § 481.*]

2. WILLS (§ 441*)—CONSTRUCTION—INTENTION OF TESTATOR.
　　The conditions existing at the time of the execution of the will may be resorted to, to ascertain the real intention of testator.
　　[Ed. Note.—For other cases, see Wills, Cent. Dig. § 958; Dec. Dig. § 441.*]

3. WILLS (§ 566*)—CONSTRUCTION—RIGHT ACQUIRED—"MONEY."
　　The word "money" in a will, whereby a wife gave to her husband certain personalty, "money, securities for money, evidences of debt, and of title and accounts," etc., does not include the amount received by the wife under a will executed about nine years after the will of the wife, who died before the amount of her share in testatrix's estate was ascertained, so that the right of the executor of the wife at the time of her death was merely a chose in action; the word "money" covering only cash or money on deposit, unless the context gives it a more extended meaning.
　　[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1238½, 1239; Dec. Dig. § 566.*
　　For other definitions, see Words and Phrases, vol. 5, pp. 4554–4565.]

Appeal from Surrogate's Court, New York County.

Proceedings for the settlement of the account of Emilia B. Hendrickson, as executrix of Caroline Studley, deceased. From a decree settling the account, the New York Trust Company appeals. Reversed and remitted to the Surrogate's Court for further action.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Charles F. Howland, for appellant.

Frank Moss (Isidor Wels, on the brief), for respondent.