FRANK H. BAILIE, JR., Plaintiff, v. FRANK L. SHELDON, PAUL S. SHELDON, NORTHRUP DAWSON, W. WALLACE LYON and CHARLES E. VAN VLECK, JR., Copartners Doing Business under the Firm Name and Style of SHELDON, DAWSON, LYON & COMPANY, and EDITH B. BAILIE, as Executrix of the Last Will and Testament of FRANK HOWARD BAILIE, Deceased, Defendants.

(Supreme Court, New York Special Term, May, 1921.)

Stockbrokers — misappropriation of stock certificate by an executrix — right of legatee to maintain action against broker for the recovery of stock pledged as collateral by executrix — executors and administrators.

Testator, who at his death was the owner and holder of three certificates of corporate stock for fifteen, sixty and one hundred and fifty shares respectively, bequeathed twenty-five shares to

his father and twenty-five shares to his mother. One-half of the residue of his estate he gave to his wife with direction that the other half should be held by her in trust until his oldest child should have attained the age of twenty-one years, and that each of his children should receive a proportionate share in said one-half of such residuary estate upon arriving at a like age. About fifteen months after the death of testator his widow, the sole trustee and executrix of his estate, deposited the certificate for one hundred and fifty shares of stock with the defendant firm of stockbrokers to sell, with instructions to purchase other stock for her individual account, and to hold the stock deposited until sold as margin upon her individual purchase, and when sold, to apply the proceeds upon her own purchase of stock. The one hundred and fifty shares of stock deposited were never sold, but are now held as collateral by the stockbrokers who claim a lien thereon, to secure them for the considerable loss which the widow sustained in her purchase of stock through them. In an action against the firm of stockbrokers and the widow as executrix brought by the only child of testator, now of age and entitled to receive one-half of the residuary estate of his father, asking for a construction of the will and that the defendant stockbrokers be ordered to deliver to the executrix possession of the stock certificate deposited with them by her, *held,* that the delivery of said stock certificate for the personal use of the executrix was a misappropriation thereof, except in so far as she may have been entitled to receive a portion of the same as residuary legatee.

When the defendant stockbrokers accepted the stock deposited by the executrix as collateral for her individual account, with the knowledge that the stock certificate was part of the estate of her deceased husband, they joined in such conversion and are answerable therefor as trustees *ex maleficio.*

The plaintiff, while not legally owner of the whole fund, has a right to compel the executrix to pay to him the portion thereof to which he is entitled, and such rights having been impaired by the wrongful action of the executrix and the other defendant, plaintiff may appeal to a court of equity to right the wrong and under the authority of *Van Camp* v. *Fowler,* 59 Hun, 311, the court has jurisdiction to give complete relief and determine the title to the fund in dispute.

ACTION to recover stock certificate held as margin.

Earle & Todd (Henry M. Earle, Colley W. Bell, of counsel), for plaintiff.

Leonard & Walker (Thomas G. Prioleau, Fred W. Nellis, of counsel), for defendant.

LEHMAN, J. Frank Howard Bailie, the father of the plaintiff, died on or about the 15th day of December, 1915. At the time of his death he was the owner of two hundred and twenty-five shares of the capital stock of the H. K. Porter Company holding three certificates for fifteen shares, sixty shares and one hundred and fifty shares respectively. Under the terms of his will he bequeathed twenty-five shares of this stock to his father and twenty-five shares of the same stock to his mother. He devised and bequeathed one-half of the residue of his estate to his wife Edith B. Bailie and he directed that the other one-half should be held in trust until his oldest child should have attained the age of twenty-one years and that each of his children should receive a proportionate share in the said one-half of such residuary estate upon arrival at the age of twenty-one years. The testator appointed his wife Edith B. Bailie sole trustee and executrix of his estate. The plaintiff is the only child of the testator and is now over twenty-one years of age and therefore entitled to receive one-half of the residuary estate of his father.

It appears that on or about April 14, 1917, Edith B. Bailie deposited the certificate for 150 shares of the H. K. Porter Company stock with the defendant, a firm of stockbrokers doing business under the name of Sheldon, Dawson, Lyon & Co., with instructions to sell the same. At the same time she instructed them to purchase other stock for her individual account and to hold the H. K. Porter Company stock until sold,

as margin upon her purchase, and when such stock was sold, to apply the proceeds thereof upon the purchase of the stock which she directed them to buy for her account. The stock deposited with the brokers was never sold by them but is now held as collateral by the stockbrokers who claimed a lien thereon to secure them for the considerable loss which Edith B. Bailie sustained in the purchase of stock through them.

The plaintiff has never received his share of the residuary estate and he now asks that the defendant firm of stockbrokers should be ordered to deliver possession of the stock certificate held by them to the defendant Edith B. Bailie as executrix of his father's estate.

At the time that the stock certificate was delivered to the brokers, they had full notice and knowledge that it was part of the estate of Frank H. Bailie, deceased. With such knowledge they permitted the executrix to use the stock as collateral for her personal account. Edith B. Bailie in delivering the stock to the brokers for her personal use undoubtedly misappropriated such stock except in so far as she may have been entitled to receive a portion thereof as residuary legatee and when the defendant stockbrokers accepted the certificate as collateral for her individual account, with knowledge that the stock certificate was part of the estate of her husband, they joined in such conversion and are answerable therefor as trustees *ex maleficio.*

The right of a trustee or substituted trustee of the estate or fund which has suffered through such misappropriation to bring an action at law or in equity against those who participated therein seems well established but the defendants urge that in the present case the plaintiff does not represent the estate and has no such cause of action; or that if the plaintiff has

Misc.] Supreme Court, May, 1921.

a cause of action, the representatives of the specific legatees who are now deceased are necessary parties to the action and that the plaintiff is seeking a wrong remedy. The plaintiff's cause of action herein, if any, is undoubtedly a derivative cause of action. The duty to bring an action rests in the first instance upon the executrix Edith B. Bailie who herself misappropriated the funds. The complaint herein alleges that Mrs. Bailie has refused to bring such action and it would seem that upon such refusal the plaintiff should be permitted to follow either of two courses. He might move in the courts of the state where the will was probated for the substitution of a new trustee who would properly protect the interest of the estate or by appropriate action he might compel the present trustee to proceed against those parties who are wrongfully in possession of the property of the estate. The present action is in effect an attempt to pursue the latter course. He has made the executrix a party to the action and he asks the court to direct the stock-brokers to deliver the property of the estate which they hold, to such executrix. The case of *Van Camp* v. *Fowler,* 59 Hun, 311, is authority for the right of the plaintiff to bring such an action and a court of equity has jurisdiction to give complete relief and to determine in an action to which the executrix is a party defendant, the title to the fund in dispute. That case has never been overruled and seems to me correct on principle. While the present plaintiff is not legally the owner of the fund, he has a right to compel the executrix to pay a portion thereof over to him. That right has been impaired by the wrongful action of the executrix and the other defendants and he should be permitted to appeal to a court of equity to right the wrong from which he is suffering and a court of equity should give complete relief in the one action. It is

Supreme Court, May, 1921.    [Vol. 115.

true that in the case of *Van Camp* v. *Fowler, supra,* the action was brought in behalf of all others who might be similarly interested but the only parties in the present case who might be similarly interested are the personal representatives of the testator's father and mother who each received twenty-five shares of stock under the will. It seems to me, however, that these personal representatives are not necessary although they might be appropriate parties to the present action. While they have a similar right to that of the plaintiff, their right is not a common or joint right. The court here is called upon to decide only whether the certificate of stock held by the defendant stockbrokers belongs to the estate of Frank H. Bailie, deceased, and except perhaps indirectly, it need not determine whether these specific legatees have been paid their share of the estate. If the court decrees the return of the certificate, then the specific legatees can enforce whatever rights they may have to share in the estate against the executrix who will then be in possession of the stock. If they have not been paid they will share in the distribution of the fund. If they have been paid then they have no interest in this litigation. In any event as against this defendant, since they would have only a derivative right, the delivery of the certificate to the executrix would be binding against them and a decision in an action in which the executrix who properly represents them is a party, that the defendant stockbrokers have no such property would be equally binding. The court therefore has before it the parties necessary for a complete determination of the issues and the defendants cannot object to the non-joinder of the specific legatees.

The court cannot, upon the proof presented, grant the exact relief which the plaintiff herein demands,

The executrix was undoubtedly entitled individually to one-half of the residuary estate of the testator. There were two hundred and twenty-five shares of the H. K. Porter Company stock in the estate of the testator. Fifty shares of stock were bequeathed specifically to the testator's parents so that the executrix was entitled to receive eighty-seven and one-half shares from the estate and as executrix she had the right to transfer such shares to herself as an individual. Assuming but not at present deciding that she has appropriated to her own use the seventy-five shares not covered by the certificate which forms the subject matter of the present dispute, she still was entitled to twelve and one-half shares covered by that certificate. When she delivered that certificate to the stockbrokers for her individual use, such delivery constituted, in my opinion, an appropriation of such shares of stock as she was entitled to pay over to herself individually. The estate thereafter had no interest in those shares appropriated by the executrix as part of her own individual legacy even though they constitute part of the certificate originally belonging to the testator and these defendants cannot, in a suit brought by this plaintiff, be compelled to pay over to the estate more than the estate is entitled to. I cannot at the present time determine exactly what shares of stock the estate is entitled to because that depends upon proof of what disposition the executrix has made of the remaining certificates of stock and other assets of the estate.

I will, therefore, direct an interlocutory judgment with costs against the defendant stockbrokers, directing the defendant stockbrokers to account for the shares of stock in the H. K. Porter Company which belong to the estate of Frank H. Bailie, deceased, and that a referee be appointed to take such account and

determine what portion of the stock certificate delivered to the stockbrokers belonged to the estate and what portion belonged to the executrix individually and will further direct that the stockbrokers deliver to the executrix those shares of stock which belong to the estate. It is fair to point out that such relief is not in any way in conflict with the decision heretofore rendered in this case by another justice that the stockbrokers cannot interpose as a counterclaim any claim which they may have against Edith B. Bailie as an individual. Their right to retain such portion of the stock as belonged to Edith B. Bailie and was delivered to them by her can be determined only in an action between themselves and the said Edith B. Bailie, but in the suit brought by this plaintiff the defendants cannot be compelled to deliver to the executrix any portion of the stock delivered to them which does not belong to the estate and in which this plaintiff has no possible interest. Since the plaintiff has not submitted any findings or conclusions of law I will give all parties ten days to submit such findings and conclusions as they may desire.

Judgment accordingly.