**KENNEDY et al. v. BETHLEHEM STEEL CO. et al.**

**No. 6904.**

Circuit Court of Appeals, Third Circuit.

Feb. 10, 1939.

142

Karl Y. Donecker, of Allentown, Pa., Donahoe & Helriegel, of Scranton, Pa., and John Schulman, of New York City, for appellants.

Cravath, DeGersdorff, Swaine & Wood, of New York City (Wm. D. Whitney and Howard C. Petersen, all of New York City, of counsel), for appellees.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

The appellants, a committee representing holders of the preferred stock of the Williamsport Wire Rope Company, have appealed from an order of the district court for the Middle District of Pennsylvania dismissing their petition for leave to intervene in a consolidated receivership and foreclosure suit pending against that company. The appeal was taken more than thirty days but less than three months after the entry of the order. The appellee, which was the purchaser at the foreclosure sale,

has moved to dismiss the appeal on the ground that the order appealed from was interlocutory.

The motion must be granted. It is settled that an order refusing leave to intervene in a civil action is interlocutory. Not only is it a discretionary order but it leaves the petitioner at full liberty to assert his rights in any other appropriate form of proceeding. It consequently lacks the finality which is necessary to support an appeal. Credits Commutation Co. v. United States, 177 U.S. 311, 20 S.Ct. 636, 44 L.Ed. 782.

Appellants seek to avoid this rule by asserting that the order was a final one because it definitely prevented them in this proceeding from enforcing against the properties of the Williamsport Company in the hands of the purchaser at foreclosure sale, the rights which had become vested in them by a prior order of the court. As the genesis of these rights they point to an order entered by the court below on June 1, 1934, after a plan for the reorganization of the Williamsport Company had been proposed by its creditors, which order stated that the court reserved jurisdiction to consider whether the plan was "fair, timely and equitable to the creditors and stockholders of the defendant Williamsport Wire Rope Company." Although the plan expressly stated that it made no provision for the stockholders, the appellants contend that the order referred to vested in them a right to participate in the reorganization of the Williamsport Company.

With this view we cannot agree. It is obvious that the order referred to conferred no rights on the stockholders but merely reserved to the court jurisdiction later to determine what rights, if any, they had. By its decree of foreclosure and sale, entered April 12, 1937 the court enjoined all the stockholders from imposing any liability upon the purchaser or the properties sold with respect to any matters adjudicated thereby, and by its decree confirming the sale to the appellee entered July 27, 1937, the properties were directed to be conveyed to the purchaser "free from all claims, liens, rights, titles and interest * * * by or of the creditors and stockholders of Williamsport." By these decrees it was definitely and finally determined that appellants had no rights in the properties purchased by the appellee. They, therefore, had no rights the enforcement of

which was prevented by the order of July 1, 1938, from which they now seek to appeal.

Appeal dismissed for want of jurisdiction.