**In re DOLCATER.**

**DOLCATER v. MANUFACTURERS & TRADERS TRUST CO. et al.**

No. 334.

Circuit Court of Appeals, Second Circuit.

July 20, 1939.

David C. Adams, of Buffalo, N. Y. (Jules C. Randal, of Buffalo, N. Y., of counsel), for appellant.

Babcock, Hollister, Brown & Newbury, of Buffalo, N. Y. (Harold R. Medina, of New York City, Louis L. Babcock, Noel S. Symons, both of Buffalo, N. Y., and William Gilbert, of New York City, of counsel), for appellee Manufacturers and Traders Trust Co.

George Clinton, Jr., Ralph W. Dox, and William R. Pooley, all of Buffalo, N. Y., for other appellees.

Before SWAN, CHASE, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This is a suit in equity brought by Frank C. Dolcater, suing as guardian and next friend of minor beneficiaries under the will of Albert B. Shultz, deceased, and for the benefit of said decedent's estate. It seeks to recover from two of the three executors of the estate, from their attorney and from a special guardian appointed by the Surrogate's Court on the executors' final accounting, all or part of the fees they have respectively received from the estate. The amended bill charges the Trust Company, the attorney and the special guardian with fraud in procuring allowance by the Surrogate's Court of the fees in question. Jurisdiction of the district court rests upon diverse citizenship, the complainant being a resident of Florida and the defendants being residents of New York. The third executor, Mrs. Dolcater, was not named as a defendant. Had she been made a defendant jurisdiction would have been defeated, as her citizenship is the same as that of the complainant, her husband. To the amended bill, the defendants filed answers and Mrs. Dolcater moved for leave to intervene in her capacity as executrix as a party complainant. The order appealed from permitted her to intervene on condition that within ten days after service of a copy of the order

she intervene not only as executrix but also individually "and that such intervention be as a party defendant in the cause, in which event this cause shall be dismissed for lack of jurisdiction; otherwise the said application for intervention is denied."

The first question is the appealability of this order. It is contended that Mrs. Dolcater in her capacity as executrix is an indispensable party plaintiff and can appeal from a denial of her motion for leave to intervene as such. This is a suit to recover moneys alleged to have been fraudulently extracted from the estate; any recovery will be for the benefit of the estate. Such a suit must normally be brought by the executors. Backer v. Levy, 2 Cir., 82 F.2d 270; Hart v. Goadby, 138 App.Div. 160, 123 N.Y.S. 166. It may be instituted by beneficiaries of the estate only upon allegation and proof that the executors have refused, after request, to bring the suit, or that special circumstances make such a request futile, and in such event the executors should be made defendants. Western Railroad Co. v. Nolan, 48 N.Y. 513, 518; Van Camp v. Fowler, 59 Hun. 311, 316, 13 N.Y.S. 1; Bailie v. Sheldon, 115 Misc. 441, 445, 189 N.Y.S. 749. The complaint alleges that no request to sue was made upon the Trust Company or Wyatt D. Shultz since they are named as defendants in their individual capacities. This is a sufficient excuse as to them. Simpson v. Simpson, 44 App.Div. 492, 494, 60 N.Y.S. 879; Wallach v. Dryfoos, 140 App.Div. 438, 441, 125 N.Y.S. 305. With respect to Mrs. Dolcater the complaint merely says that she was not made a party defendant because she was a citizen of Florida and the effect of joining her would be to oust the jurisdiction of the court. We do not think this is enough to justify a suit by the beneficiaries, since it is clear that no demand was made upon her to institute the suit and her present desire to intervene as a plaintiff is strong proof that such a demand would not have gone unheeded. Hence it may be that she is the only proper party to bring the suit. See Backer v. Levy, supra.

This does not, however, dispose of the question of her right to appeal from the order denying intervention except upon conditions which would require dismissal of the suit for lack of jurisdiction. Generally, the denial of a petition to intervene is discretionary and non-appealable (Credits Commutation Co. v. United States, 177 U.S.

311, 20 S.Ct. 636, 44 L.Ed. 782), but there are cases where intervention is so essential to the preservation of the petitioner's rights that a denial of it is reviewable by appeal. Central Trust Co. of New York v. Chicago, R. I. & P. R. Co., 2 Cir., 218 F. 336, 339; United States v. Radice, 2 Cir., 40 F.2d 445. Granting that the present suit cannot properly be maintained without the presence of Mrs. Dolcater, at least without amending the complaint, the fact remains that her present status is only that of a would-be intervenor. Except when permitted by statute, an order denying leave to intervene is only appealable in those cases where the petitioner can effectively assert his rights in no other action. The most common examples are where the petitioner will be bound by the judgment and is inadequately represented by other parties before the court, as in Central Trust Co. of New York v. Chicago, R. I. & P. R. Co., supra; Zeitinger v. Hargadine-McKittrick Dry Goods Co., 8 Cir., 244 F. 719; or where he claims an interest in property which is in control of the court. Swift v. Black Panther Oil & Gas Co., 8 Cir., 244 F. 20, 30; Vicksburg, S. & P. Ry. Co. v. Schaff, 5 Cir., 5 F.2d 610; Ætna Casualty & Surety Co. v. American Surety Co., 4 Cir., 64 F.2d 577, 582. See 2 Moore, Fed.Prac., 1938 Ed., § 24.01 et seq. The present case is not one where the order appealed from will prevent the applicant for intervention from effectively asserting her rights as executrix in another suit. Whether she complies with the order, and by intervening as a defendant produces an alignment of parties which will require its dismissal, or whether she declines to intervene on those terms, she is free to bring suit in her representative capacity to recover for the estate the fees alleged to have been illegally collected by the several defendants. Nor will the fact that she was also the recipient of illegal fees affect her right to maintain such an action. Wetmore v. Porter, 92 N.Y. 76; Zimmerman v. Kinkle, 108 N.Y. 282, 15 N.E. 407; Scully v. McGrath, 201 N.Y. 61, 63, 94 N.E. 195. And for aught that appears she can maintain such a suit in the same federal court, as the requisite diversity of citizenship would exist. Since the order in no way concluded her rights, there was no abuse of discretion in denying her application to intervene, and the order is nonappealable. See Credits Commutation Co. v. United States, supra; Kennedy v. Bethlehem Steel Co., 3 Cir., 102 F.2d 141;

Farmers' & Merchants' Bank v. Arizona Mut. Savings & Loan Ass'n, 9 Cir., 220 F. 1; Lupfer v. Carlton, 5 Cir., 64 F.2d 272.

Appeal dismissed.