## PALMER v. GUARANTY TRUST CO. OF NEW YORK et al.

### No. 295.

Circuit Court of Appeals, Second Circuit.

April 15, 1940.

John B. Doyle, of New York City (Stewart W. Bowers, of New York City, of counsel), for appellants.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Edwin S. S. Sunderland and Chester F. Leonard, both of New York City, of counsel), for Guaranty Trust Co. of New York.

Chester W. Cuthell, of New York City, Special Counsel to Transit Commission, Metropolitan Division of Department of Public Service of New York.

Miller, Owen, Otis & Bailly, of New York City (Carl M. Owen and Mark F. Hughes, both of New York City, of counsel), for Thomas E. Murray.

Davies, Auerbach, Cornell & Hardy, of New York City (Orrin G. Judd, of New York City, of counsel), for Central Hanover Bank & Trust Co.

Charles Franklin, of New York City, for Manhattan Ry. Co.

Milbank, Tweed & Hope, of New York City (Morris Hadley and Carl V. Venters, both of New York City, of counsel), for Chase Nat. Bank of City of New York.

Duer, Taylor, Wright & Woods, of New York City (John S. Chapman, Jr., of New York City, of counsel), for Theodore S. Watson et al.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

**PER CURIAM.**

This is an appeal from an order, denying a petition to intervene in an action of foreclosure. The mortgagee sued to foreclose in the District Court on October 20, 1939, and on the 28th the petitioners moved to intervene on the ground that they were the holders of shares of stock in the corporation which had leased the property under foreclosure to the mortgagor. Part of the rent in this lease was the payment of seven per cent. upon shares in the lessor held by the petitioners, who argue that the rent so reserved is a lien upon the mortgaged assets prior to that of the mortgage, particularly because the receiver has diverted earnings made during his occupation from the petitioners to the bondholders under the mortgage. The judge denied the petition, and, thereafter, on January 24, 1940, consolidated the foreclosure action with a creditors' action of sequestration against the mortgagor. Before the case was argued in this court judgment of foreclosure had been entered and the property sold.

The case does not fall within Rule 24 (a), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, as the petitioners suppose. Concededly no statute gives them an "unconditional right to intervene", so that subdivision one is eliminated; and subdivision two is equally inapplicable, for they will not be "bound by a judgment in the action". Even though their claim should prove valid, the sale has not affected it, for the judgment preserves all prior liens and subjects the buyer's title to them. While it is permissible to add prior encumbrancers as defendants in an action of foreclosure in a federal court (Hagan v. Walker, 14 How. 29, 37, 14 L.Ed. 312), it is not necessary to do so (Jerome v. Mc-

Carter, 94 U.S. 734, 24 L.Ed. 136; Dial v. Reynolds, 96 U.S. 340, 24 L.Ed. 644) when the sale protects their rights. Persons claiming in hostility to the mortgagee and mortgagor cannot intervene to try out the controversy, although, if the foreclosing court lets them in and decides it, its decree is valid. Hefner v. Northwestern Life Ins. Co., 123 U.S. 747, 8 S.Ct. 337, 31 L.Ed. 309. Finally the petitioners are not within the third subdivision of Rule 24 (a) because they will not be "adversely affected by a distribution or other disposition of property in the custody of the court". This follows from what we have already said; the sale, being subject to prior liens, has not given the buyer any right as against the petitioners. Since the property is not of a kind which can be dissipated, it would have made no difference even if the buyer had been put in possession, though that was not done in this instance.

Thus intervention was "permissive" under Rule 24 (b) and within the discretion of the district court. No conceivable abuse of discretion existed and the appeal did not lie. New York v. Consolidated Gas Co., 253 U.S. 219, 40 S.Ct. 511, 64 L. Ed. 870. In Re Dolcater, 2 Cir., 106 F. 2d 30. We need not consider whether in any event the execution of the judgment by sale made the appeal moot.

Appeal dismissed.