### WHITE et al. v. HANSON et al.

### No. 2392.

Circuit Court of Appeals, Tenth Circuit.

Feb. 24, 1942.

Rehearing Denied April 14, 1942.

560

Chas. E. McPherren, of Oklahoma City, Okl. (Neal E. Maurer, of Oklahoma City, Okl., on the brief), for appellants.

Vern E. Thompson, of Joplin, Mo. (Loyd E. Roberts and Thompson & Roberts, all of Joplin, Mo., and Byron B. Hoffman, of Miami, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This appeal presents the question whether the court improvidently denied an application to intervene. Lilia Quapaw Hanson in-stituted the suit against Agnes Quapaw Hoffman, Jean Ann Quapaw Hoffman, an infant, Henry E. Hoffman, as guardian of Jean Ann Quapaw Hoffman, and Henry E. Hoffman. Stella White, Ada Farley, Ida Gwin, Ella Cooper, Lola Arnold, Fred Baker, George Baker and Eddie Bair sought to intervene. For convenience, plaintiff and defendants in the court below will be referred to in that manner, and reference will be made to appellants—the unsuccessful applicants to intervene—as petitioners.

It was alleged in the complaint that Benjamin Quapaw, a full-blood Quapaw Indian, and Lizzie Perryman, a Creek Indian, were married in the late 1860's or early 1870's in the Creek Nation; that plaintiff was born about 1874 as the issue of such marriage; that when plaintiff was four or five years of age, her father took an Indian divorce from her mother according to the Creek Indian custom and returned to his people in the Osage Nation; that plaintiff remained in the custody of her mother and that she and her father became lost to each other; that in the early 1880's Benjamin married See-sah or Blackfeet; that See-sah died in 1920; that Benjamin and defendant Agnes were pretendedly married in 1921 by a civil ceremony but that such ceremony was ineffective to vest in Agnes any right in the property and estate of Benjamin for the reasons that it was not entered into in good faith and that Benjamin lacked mental capacity to enter into a valid marriage contract; that the defendant Jean was the child of Benjamin and Agnes; that Benjamin executed a pretended will in which he devised his estate to Agnes and Jean but that it was ineffective; that Benjamin died seized of a large estate consisting of real and personal property; and that plaintiff and defendant Jean were the sole surviving heirs of their deceased father and were entitled to share alike in his estate. By answer, the defendants denied that plaintiff was the daughter of Benjamin, denied the allegations in respect to the invalidity of the marriage of Benjamin and Agnes, denied the invalidity of the will, and interposed other defenses. On appeal from an order dismissing the cause, this court divided the property constituting the estate into these five classes: (1) Lands which Benjamin purchased with funds received from royalties reserved under mining leases on restricted allotments, (2) personal prop-

erty over which the Secretary of the Interior had never exercised administrative control, (3) funds which the Secretary paid to defendants, freed from restrictions, (4) lands which were acquired by Benjamin and See-sah with funds received from royalties reserved under mining leases on their restricted allotments, title to which was conveyed to the Secretary, in trust, and (5) restricted allotments, and restricted funds therefrom then in the hands of the Secretary. The judgment was reversed, and the cause was remanded with directions to dismiss the complaint as to the property in classes four and five, and to permit plaintiff to file an amended complaint in respect to the property in classes one, two and three. Hanson v. Hoffman, 10 Cir., 113 F.2d 780.

Following the remand, an amended complaint and an amended answer were filed, and the cause was set for trial. Thereafter, petitioners filed their joint application for leave to intervene, to which a copy of their proposed complaint in intervention was attached. It was alleged in such complaint that Maloche, a Creek woman, was the first wife of Benjamin Quapaw; that they lived together as husband and wife and had two children, a daughter and a son; that the daughter died when a child; that Maloche subsequently died; that the son became known as George Baker; that petitioners were the children and grandchildren of George Baker and therefore the grandchildren and great grandchildren of Benjamin; that See-sah was the second wife of Benjamin; that she died in 1920; that Benjamin and Agnes were pretendedly united in a civil marriage ceremony but that it was ineffective to vest in Agnes any interest in the estate for the reasons that it was not entered into in good faith and that Benjamin was not mentally capable of entering into a valid marriage contract; that Benjamin executed a pretended will in which he devised his entire estate to Agnes and Jean but that it was ineffective; that plaintiff was not the daughter of Benjamin; that defendant Jean was likewise not his daughter; that he died seized of a large estate; and that petitioners were his sole heirs at law and were entitled to the estate. The court denied the application to intervene, and petitioners appealed.

■ Rule of Civil Procedure 24, 28 U.S. C.A. following section 723c, relates to intervention, both of right and by permission. Subsection (a) provides that upon timely application anyone shall be permitted to intervene, (1) when a statute of the United States confers an unconditional right to do so, or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by the judgment, or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof. There is no statute which confers upon petitioners the unconditional right to intervene. The suit is one between plaintiff, on one side, claiming to be the daughter of the deceased and entitled to share equally in the estate with the defendant Jean, and defendants, on the other side, challenging the claim of plaintiff and asserting title in themselves to the entire estate. No others are made parties, either as unknown heirs, unknown claimants, or otherwise. Any judgment which may be rendered will adjudicate and determine only the rights of these rivals and those in privity with them, and will not bind petitioners. It will not affect as res judicata or in any other prejudicial manner the right of petitioners to institute and maintain another action for the establishment of their asserted rights. And there are no funds or other res in the custody of the court or of any officer thereof for distribution or other disposition which will adversely affect petitioner. It follows that the application to intervene does not come within subsection (a) of the rule. In re Dolcater, 2 Cir., 106 F.2d 30; Palmer v. Guaranty Trust Co. of New York, 2 Cir., 111 F.2d 115; MacDonald v. United States, 9 Cir., 119 F.2d 821.

■ Subsection (b) of the rule provides that upon timely application anyone may be permitted to intervene, (1) when a statute of the United States confers a conditional right to do so or (2) when the applicant's claim or defense and the main action have a question of law or fact in common; and that the court in exercising its discretion shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Attention is not called to any statute creating a conditional right to intervene in a case of this kind. The first subdivision of the subsection may therefore be laid aside. The suit was filed in 1939, a judgment was entered, an appeal was perfected and prosecuted to conclusion, and after remand the pleadings were amended and issues joined.

562

A vast estate was involved, multiple issues were joined, some points of inquiry related to matters which were alleged to have occurred more than sixty years in the past, the parties had conducted an exhaustive investigation into the facts, depositions had been taken, stipulations had been entered into, the case had been otherwise prepared for trial, and it had been set for trial on June 16, 1941. After all this had been done, the application to intervene was filed on May 24, and it was denied on June 2. The proposed intervention tendered the new and independent issues of the marriage of Benjamin Quapaw and Maloche, the birth of two children as the issue of that marriage, the death of one child, and the descendency of the petitioners from the other; and it also tendered initially the further issue whether the defendant Jean was in fact the daughter of Benjamin. Petitioners pleaded and now urge that they first learned of their rights late in March and that they were thereafter diligent in respect to the assertion of such rights by way of the intervention. Assuming that they were without fault in failing sooner to ascertain their rights, still they waited more than sixty days, and then only about three weeks before the trial was to begin sought to intervene and inject into the case the issues already outlined. Elucidation is unnecessary to make it clear that the original parties did not have adequate time to reasonably investigate the facts bearing upon the new issues thus tendered and be prepared for the trial on the day set. The court was well warranted in the exercise of its sound discretion in determining that to permit the intervention at that delayed juncture would necessitate a postponement of the trial and would unduly delay the adjudication of the rights of the plaintiff and defendants. There was no abuse of discretion in the denial of the application.

Petitioners express concern that the order denying leave to intervene will be res judicata against their assertion of their claim in a separate action. The apprehension is not well founded as the order denying leave to intervene leaves the petitioners at liberty to assert their rights in some other appropriate proceeding. Austin v. Garard, 7 Cir., 61 F.2d 129; In re Dolcater, supra; Kennedy v. Bethlehem Steel Co., 3 Cir., 102 F.2d 141.

The order is affirmed.