UNITED STATES of America, Russell C. Harrington, Commissioner of Internal Revenue,

v.

Raymond COHEN, Local 107 Highway Truck Drivers and Helpers Union, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Appellants.

No. 12754.

United States Court of Appeals Third Circuit.

Argued Jan. 20, 1959.

Decided Feb. 18, 1959.

Richard H. Markowitz, Philadelphia, Pa. Wilderman & Markowitz, Richard Kirschner, Philadelphia, Pa., for Local 107.

McBride, Von Moschzisker & Bradley, by John Rogers Carroll, Philadelphia, Pa., on the brief, for Raymond Cohen.

Joseph L. McGlynn, Jr., Asst. U. S. Atty., Philadelphia, Pa. (Harold K. Wood, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH and HASTIE, Circuit Judges, and EGAN, District Judge.

EGAN, District Judge.

This is an appeal from an order of the United States District Court for the Eastern District of Pennsylvania grant-ing the Commissioner of Internal Revenue the right to inspect, examine, copy and photograph books and records of the defendant union and enjoining the union and the defendant, Cohen, secretary-treasurer, from accepting and removing the books and records from the custody of a Senate Committee having possession of them until further order of the Court.

Jurisdiction is based on Sections 7602, 26 U.S.C.A. and 7402(a), 26 U.S.C.A. of the Internal Revenue Code of 1954.[1]

1. The pertinent provisions of the Code are as follows:

Ti. 26 U.S.C.A. (I.R.C.1954) § 7402 Jurisdiction of District Courts:

"(a) To issue orders, processes, and judgments.—The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

"(b) To enforce summons.—If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data."

Ti. 26 U.S.C.A. (I.R.C.1954) § 7602—Examination of Books and Witnesses:

"For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

"(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

"(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, of any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

"(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry. Aug. 16, 1954, 9:45 a. m. E.D.T., c. 736, 68A Stat. 901."

§ 7604—Enforcement of Summons:

"(a) Jurisdiction of district court.— If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

"(b) Enforcement.—Whenever any person summoned under section 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary or his delegate may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hear-

Pursuant to Section 7602 of the Code, the Commissioner, who was investigating the tax status of the union covering the period 1947 through 1957, served an administrative summons on the union by serving a copy thereof on the defendant, Cohen, requiring him to appear before an officer of the Internal Revenue Service at the United States Courthouse, Philadelphia, Pennsylvania, to give testimony relating to the tax liability of the union and to bring with him the books and records listed in the summons.

Cohen and the union did produce or make available to the Internal Revenue Service all the requested books and records which were then in his possession and explained that he could not produce those for the period January 1, 1950 through September 26, 1957, because they were then and still are in the possession of the Senate Select Committee on Improper Activities in the Labor or Management Field of the United States Senate (hereinafter called Senate Committee).[2]

The union and Cohen were then advised by letter that the Commissioner would deem the summons sufficiently complied with if the union would issue a letter addressed to the Commissioner, or the Senate Committee, authorizing the delivery of the books and records to the Internal Revenue Service upon the termination of the Committee's use thereof. This the union and Cohen, acting by their counsel, respectfully declined to do in so many words, although their language is equivocal.

Thereafter the Commissioner caused this suit to be brought in the District Court to enforce compliance under the above provisions of the Internal Revenue Code.

The complaint recites the facts in substantially the same form as related above.

The defendants accepted service, filed a joint answer and new matter in which they stated in paragraph 13, "Defendants have neither neglected nor refused to obey the summons heretofore issued. They have in fact expressed their willingness to comply when compliance becomes possible." A similar statement appears on page 5 of their brief on appeal.

The cause came on for hearing on complaint, answer and affidavits before the District Court on plaintiff's motion for a preliminary injunction. At the hearing before Judge Welsh, there was offered and received in evidence without objection, as plaintiff's exhibit # 3, a letter from United States Senator James L. McClellan, Chairman of the Senate Committee, addressed to Government's counsel, reading in pertinent part as follows:

"In reply to your letter of September 18, 1958 regarding pending proceedings to compel Mr. Raymond E. Cohen and Local 107 of the Teamsters to turn over to the Government certain of its books and records, you point out that Judge Welsh desires some indication from this Committee whether a ruling would be considered or interpreted as an interference with the proper functions of Congress.

\* \* \* \* \* \*

"I deem it in the best interests of the rank and file members of this local, as well as in the best interests of the country, that the books and records of Local 107 be preserved intact and that the records now in the possession of the Committee be turned over to the Internal Revenue Service by order of the Court. Such ruling by the Court would be considered by the Committee Chairman clear cooperation between the Legislative, Executive and Judicial

ing of the case; and upon such hearing the judge or the United States commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and

to punish such person for his default or disobedience."

2. The wanted books and records are stored in Philadelphia under control of the Committee.

Branches of the Government and such ruling would, in the Chairman's opinion, in no wise impinge upon or interfere with the proper functions of Congress."

At the conclusion of the hearing, Judge Welsh entered an order which reads in pertinent part as follows:

"It Is Therefore Ordered, pursuant to the authority granted to the Court by Sections 7402 and 7602 of Title 26, that the Internal Revenue Service shall have the authority and is hereby granted the right to examine, inspect, copy and photograph the books and records of Local 107, Highway Truck Drivers and Helpers Union, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, and

"It Is Further Ordered that the aforesaid Raymond Cohen and Local 107, Highway Truck Drivers and Helpers Union, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, its agent or representative, shall not remove or cause to be removed the aforesaid records and documents from the custody of the Committee until further order of the Court."

The Senate Committee having consented to the entry of an appropriate order giving the Committee authority to turn over the books and records of defendants to the Internal Revenue Service, or giving the latter access to them for the purposes stated, we believe that the order should be modified to conform to the record; further that the defendants be restrained from interfering with or preventing the plaintiff's examination, copying and photographing the said books and records in the hands of the Committee. Thereafter the Senate Committee consenting, the defendants are

entitled to have their books and records returned to them.

The applicable law seems to be clear.

■ Section 7402(a) of the Code gives District Courts Jurisdiction "to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws."

Under Section 7602 of the Code, the Secretary or his delegate, the Commissioner of Internal Revenue, is authorized to examine any books, papers, etc., which may be relevant to a tax inquiry. This right is in addition to the right to summon the person liable for the tax to present the books of account before the Secretary or his delegate for examination. He certainly has the right to examine the books of the taxpayer himself "wherever they are found." We can see no reason why he cannot examine the books in the possession of the Senate Committee, the latter being agreeable.

■ Appellants also argue that this matter is res judicata because they brought an action in replevin in the District Court of the District of Columbia [3] against the Senate Committee for the return of the union's books and records. The Commissioner sought to intervene and the Court denied his petition. This was not an adjudication on the merits and does not bar another appropriate form of proceeding. Kennedy v. Bethlehem Steel Co., 3 Cir., 1939, 102 F.2d 141.

■ Appellants further contend that since the union is tax exempt under Section 501(c)(5) of the Code, the Commissioner lacks authority to examine its books and records and to make copies and photographs thereof. As a matter of law, the union is obliged to file returns of withholding and other forms of tax under pain of criminal penalties.[4] Cer-

3. Local 107, etc. v. McClellan et al., D.C. D.C., Civil Action 188-58.

4. As a labor union, Local 107 must deduct the F.I.C.A. (Social Security) tax on wages paid to employees (Section

3102). It must pay the F.I.C.A. tax imposed on employers (Section 3111). It must pay the F.U.T.A. (unemployment) tax imposed upon employers (Section 3301). It must withhold income taxes from wages paid to em-

tainly the Commissioner is entitled to check the returns of taxpayers against such union returns. The contention lacks merit.

We think that the Court would be justified in doing everything possible to help the Commissioner make an examination of the books and records for the purpose of enforcing the Revenue laws. The effect of the order of the District Court is to facilitate the examination of the records and make them physically available.

Appellants argue that the effect of the lower Court's order is to deny them any right to object to the summons on the grounds of irrelevancy or the running of the statute of limitations, etc. However, this seems inconsistent with their claim that the sole reason for the failure to produce is one of physical impossibility.

The order of the District Court will be affirmed, subject to modification of the second and third paragraphs of the order, to read as follows:

"It Is Therefore Ordered, the Senate Select Committee on Improper Activities in the Labor Management Field having consented, pursuant to the authority granted to the Court by Sections 7402 and 7602 of Title 26, that the Internal Revenue Service shall have the authority and is hereby granted the right to examine, inspect, copy and photograph the books and records of Local 107, Highway Truck Drivers and Helpers Union, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, and

"It Is Further Ordered that the aforesaid Raymond Cohen and Local 107, Highway Truck Drivers and Helpers Union, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, its agents and representatives, are hereby enjoined from interfering with or preventing the Commissioner of Internal Revenue, or the Internal Revenue Service, from examining the books and records in the hands of said Committee until further order of Court."

ployees (Section 3402) and is liable for the payment of such tax (Section 3403). It must file information returns required of exempt organizations (Section 6033). It must file information returns respecting payments (Section 6041). It must account for taxes withheld from wages (Section 6051). It is subject to criminal penalties for wilful failure to file required returns, and for the filing of false and fraudulent returns and statements (Sections 7201–7207).